**BOREN, OSHER & LUFTMAN LLP**
Paul K. Haines (SBN 248226)
Email: phaines@bollaw.com
Fletcher W. Schmidt (SBN 286462)
Email: fschmidt@bollaw.com
Kristina R. Sherry (SBN 294975)
Email: ksherry@bollaw.com
222 N. Sepulveda Blvd., Suite 2222
El Segundo, California 90245
Tel: (310) 322-2220
Fax: (310) 322-2228

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YADIR A. ONTIVEROS, as an individual, and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>          vs.<br><br>SAFELITE FULFILLMENT, INC., a Delaware Corporation; SAFELITE GROUP, INC., a Delaware Corporation; SAFELITE GLASS CORP., a Delaware Corporation; and DOES 1 through 10,<br><br>                    Defendants. | CASE NO. 2:15-cv-07118-DMG-RAO<br><br>**FIRST AMENDED CLASS, COLLECTIVE, AND REPRESENTATIVE ACTION COMPLAINT:**<br><br>**(1) FAILURE TO PAY ALL OVERTIME WAGES (LABOR CODE §§ 204, 510, 558, 1194, AND 1198);**<br><br>**(2) FAIR LABOR STANDARDS ACT (29 U.S.C. § 201 *et seq.*);**<br><br>**(3) MINIMUM WAGE VIOLATIONS (LABOR CODE §§ 1182.12, 1194, 1194.2, AND 1197);**<br><br>**(4) MEAL PERIOD VIOLATIONS (LABOR CODE §§ 226.7, 512, AND 558);**<br><br>**(5) REST PERIOD VIOLATIONS (LABOR CODE §§ 226.7, 516 AND 558);**<br><br>**(6) WAGE STATEMENT PENALTIES (LABOR CODE § 226 *et seq.*);**<br><br>**(7) UNLAWFUL DEDUCTIONS FROM EARNED WAGES (LABOR CODE § 221);** |

**(8) UNFAIR COMPETITION (BUS & PROF CODE § 17200 *et seq.*);**
**(9) CIVIL PENALTIES UNDER THE PRIVATE ATTORNEYS GENERAL ACT (LABOR CODE § 2698 *et seq.*).**

**DEMAND FOR JURY TRIAL**
**UNLIMITED CIVIL CASE**

Plaintiff Yadir A. Ontiveros ("Plaintiff") on behalf of himself and all others similarly situated, hereby brings this First Amended Class, Collective, and Representative Action Complaint against Defendants Safelite Fulfillment, Inc., Safelite Group, Inc., Safelite Glass Corp., and DOES 1 to 10 (collectively "Defendants"), inclusive, and on information and belief alleges as follows:

## JURISDICTION

1.      Plaintiff, on behalf of himself and all others similarly situated, hereby brings this class, collective, and representative action for recovery of unpaid wages and penalties under the Fair Labor Standards Act ("FLSA"), California Business and Professions Code §17200, *et. seq.*, Labor Code §§ 204, 218.6, 221, 226 *et seq.*, 510, 512, 516, 558, 1182.12, 1194, 1194.2, 1197, 1198, 2698 *et seq.*, and California Industrial Welfare Commission Wage Order No. 4-2001 ("Wage Order 4"), in addition to seeking declaratory relief and restitution.

2.      This Court has jurisdiction over Defendants' violations of the FLSA pursuant to 29 U.S.C. § 216 and 28 U.S.C. § 1331 because the action asserts rights arising under federal law.  This Court has jurisdiction over Defendants' violations of the Labor Code sections set forth in the immediately preceding paragraph, California Business and Professions Code and Wage Order 4, because these claims

derive from the same common nucleus of operative facts.

## VENUE

3.     Venue is proper under 28 U.S.C. 1391 because Defendants do business within the Central District of California.  Defendants are also subject to the personal jurisdiction of this Court pursuant to 28 U.S.C. 1391(c), because at least some of them operate businesses within the Central District of California.

## PARTIES

4.     Plaintiff is an individual over the age of eighteen (18).  At all relevant times herein, Plaintiff was a California resident, residing in the county of Los Angeles.  During the four years immediately preceding the filing of the Complaint in this action and within the statute of limitations periods applicable to each claim pled herein, Plaintiff was employed by Defendants as an hourly non-exempt employee.  Plaintiff was, and is, a victim of Defendants' policies and/or practices complained of herein, lost money and/or property, and has been deprived of the rights guaranteed to him by the FLSA, California Labor Code §§ 204, 218.6, 221, 226 *et seq.*, 510, 512, 516, 558, 1182.12, 1194, 1194.2, 1197, 1198, 2698 *et seq.*, California Business and Professions Code § 17200 *et seq.* (Unfair Competition), and Wage Order 4, which sets employment standards for installers.

5.     Plaintiff is informed and believes, and based thereon alleges, that during the four years preceding the filing of the Complaint and continuing to the present, Defendants did (and do) business by operating a company that manufactures, installs and services automotive windshields and glass within the Central District of California and the United States, and therefore, were (and are) doing business in the Central District of California and the State of California.

6.     Defendants bill themselves as "the world's largest family of retail auto glass companies" and offer services including manufacturing vehicle windshields, repairing and replacing all types of vehicle glass, and mobile windshield repair.  Defendants employ approximately 6,000 technicians and operate in all 50 states.

7.     Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, Defendants were licensed to do business in California and within the Central District of California, and were the employers of Plaintiff and the Classes (as defined in Paragraph 19).

8.     Plaintiff does not know the true names or capacities, whether individual, partner, or corporate, of the Defendants sued herein as DOES 1 to 10, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff will seek leave from this Court to amend this Complaint when such true names and capacities are discovered.  Plaintiff is informed, and believes, and thereon alleges, that each of said fictitious Defendants, whether individual, partners, agents, or corporate, was responsible in some manner for the acts and omissions alleged herein, and proximately caused Plaintiff and the Classes to be subject to the unlawful employment practices, wrongs, injuries and damages complained of herein.

9.     At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and each of them, were the agents, servants, and employees of each and every one of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned were acting within the course and scope of said agency and employment.  Defendants, and each of them, approved of, condoned, and/or otherwise ratified each and every one of the acts or omissions complained of herein.

10.     At all times mentioned herein, Defendants, and each of them, were members of and engaged in a joint venture, partnership, and common enterprise, and acting within the course and scope of and in pursuance of said joint venture, partnership, and common enterprise.  Further, Plaintiff alleges that all Defendants were joint employers for all purposes of Plaintiff and all Class Members.

Class, Collective, and Representative Action Complaint

## **GENERAL FACTUAL ALLEGATIONS**

11.     Plaintiff was hired by Defendants as a non-exempt employee at Defendants' warehouse in Ontario, California, in approximately August 2009. Plaintiff worked in that capacity until March, 2013, when he was promoted to Technician Trainee, and later became a Technician in September, 2013, after transferring to Glendora, California.

12.     At all times while employed as a Technician, Plaintiff has been paid on a piece-rate basis, whereby Plaintiff is paid a certain rate per installation or repair completed.  Despite the fact that Plaintiff records his actual hours worked pursuant to company policy, wages earned for these hours worked are treated as an advance against Plaintiff's piece-rate earnings, as only those piece-rate earnings in excess of the "hourly wages" are paid out as piece-rate earnings. However, Plaintiff and other Technicians are pressured and encouraged through various productivity rankings to be highly productive, which results from having a high number of installs per day.  As a result, Plaintiff and Technicians almost never have piece-rate earnings that do not exceed their hourly wages, and their wages are almost always equal to their piece-rate earnings.  Because Defendants' pay system is simply a subterfuge for a piece-rate compensation system, Plaintiff and other Technicians are not separately compensated for time spent working on tasks which are not compensated on a piece-rate basis, including hours spent cleaning and maintaining tools, performing administrative tasks, attending mandatory meetings, or travelling to and from jobsites.  As a result, Plaintiff was not paid at least the minimum wage for all hours actually worked, and was not credited with all overtime hours actually worked.

13.     Additionally, Defendants maintain a policy of making unlawful deductions from Plaintiff's earned wages in the event that a customer makes a warranty claim on an item installed by Plaintiff, despite the fact that Plaintiff's job duties were already performed, thereby entitling Plaintiff to those wages.

Class, Collective, and Representative Action Complaint

14.     While working on a piece-rate basis, Plaintiff worked shifts in excess of 3.5 hours, and was never provided with a paid rest period for every 4 hour period worked, or major fraction thereof, because Defendants' piece-rate compensation plan fails to separately compensate Plaintiff for required rest periods.  *See Bluford v. Safeway Inc.,* 216 Cal. App. 4th 864 (2013) ("There is no dispute that Safeway's activity-based compensation system did not separately compensate drivers for their rest periods."). As a result, Plaintiff was not provided with compensated rest periods as required by Wage Order 4, §12(A).

15.     Throughout Plaintiff's entire employment with Defendants as both as a Warehouse employee and Technician, he regularly worked shifts in excess of 8 hours per day and/or 40 hours per week.  In addition, he received various forms of non-discretionary incentive pay, such as "Mkt Hrly IC," "PPP Incentive," "Installation IC," and/or other forms of pay which are not excludable under California Law and the FLSA when calculating an employee's regular rate (hereinafter the aforementioned forms of pay are collectively referred to as "Incentive Pay").

16.     However, throughout Plaintiff's employment, both while working in the Warehouse and as a Technician, Defendants failed to include the value of Incentive Pay in Plaintiff's regular rate of pay for purposes of calculating overtime compensation.  Additionally, when Plaintiff was being paid on a piece-rate basis, Defendants failed to include the value of piece-rate earnings in Plaintiff's regular rate of pay for purposes of calculating overtime compensation.  As a result, Plaintiff was never compensated at one and a half times his regular rate of pay for hours worked in excess of 8 hours per day and/or 40 hours per week, and was therefore deprived of all overtime compensation.

17.     In addition, Defendants fail to maintain lawful meal and rest break policies.  Specifically, Defendants fail to authorize and permit employees (both Warehouse employees and Technicians) to take a duty-free, 10-minute rest period

Class, Collective, and Representative Action Complaint

for every "major fraction" of a 4 hour period, and fail to provide employees with a legally compliant meal period when employees work in excess of 5 hours, and/or a second meal period when employees work shifts in excess of 10 hours. Despite these deficiencies, Defendants fail to pay employees the missed meal and rest period premium wages as required by Labor Code § 226.7 when employees experience meal and rest period violations.

18.    As a result of Defendants' failure to pay all minimum wages, overtime wages, and meal and rest period premium wages, Defendants maintain inaccurate payroll records, and issue inaccurate wage statements to Plaintiff. Additionally, Defendants issue facially deficient wage statements that fail to list Plaintiff's number of piece-rate units and rate per piece on the wage statement, and fail to list Plaintiff's overtime rate of pay.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

19.    Class Definitions: Plaintiff brings this action on behalf of himself and the following Classes pursuant to Rule 23 of the Rules of Federal Procedure and the FLSA:

a.    The California Overtime Class consists of all Defendants' current and former non-exempt employees in California who: (1) received Incentive Pay and worked overtime hours during a corresponding time period; and/or (2) worked overtime hours while performing work that was compensated on a piece-rate basis, during the four years immediately preceding the filing of the Complaint through the present.

b.    The FLSA Overtime Class consists of all Defendants' current and former non-exempt employees throughout the United States who: (1) received Incentive Pay and worked in excess of 40 hours in a workweek during a corresponding time period; and/or (2) performed work that was compensated on a piece-rate basis and worked in excess of 40 hours in a workweek, during the three years immediately preceding the filing of the Complaint through the present.

c.   The Minimum Wage Class consists of all of Defendants' current and former non-exempt employees in California who: (1) performed work that was compensated on a piece-rate basis, during the four years immediately preceding the filing of the Complaint through the present.

d.   The Meal Period Class consists of all Defendants' current and former non-exempt employees in California who: (1) worked in excess of 5 hours without punching out for a 30 minute meal period prior to the end of the fifth hour of work; and/or (2) worked in excess of 10 hours without punching out for a second 30 minute meal period prior to the end of the tenth hour of work, during the four years immediately preceding the filing of the Complaint through the present.

e.   The Rest Period Class consists of all Defendants' current and former non-exempt employees in California who: (1) performed work that was compensated on a piece-rate basis; and/or (2) worked at least one shift of 3.5 to 3.99 hours, 6.0 to 7.99 hours, and/or 10.0 to 11.99 hours, during the four years immediately preceding the filing of the Complaint through the present.

f.   The Wage Statement Class consists of all members of the: (1) California Overtime Class; (2) Minimum Wage Class; (3) Meal Period Class; (4) Rest Period Class; and/or (5) received a wage statement that failed to list the overtime rate of pay, number of piece rate units, and/or all applicable piece-rates in effect, who worked for Defendants in California during the one year immediately preceding the filing of the Complaint through the present.

g.   The Wage Deduction Class consists of all current and former non-exempt employees in California who had a deduction taken from their wages as a result of a warranty claim, during the four years immediately preceding the filing of the Complaint through the present.

20.   **Numerosity/Ascertainability:**  The members of the Classes are so numerous that joinder of all members would be unfeasible and not practicable. The membership of the classes and subclasses are unknown to Plaintiff at this time;

Class, Collective, and Representative Action Complaint

however, it is estimated that the Classes number greater than five hundred (500) individuals as to each Class. The identity of such membership is readily ascertainable via inspection of Defendants' employment records.

21. **Common Questions of Law and Fact Predominate/Well Defined Community of Interest:** There are common questions of law and fact as to Plaintiff and all other similarly situated employees, which predominate over questions affecting only individual members including, without limitation to:

i.      Whether Defendants violated the applicable Labor Code provisions including, but not limited to §§ 510 and 1194 by requiring overtime work and not paying for said work according to the overtime laws of the State of California;

ii.     Whether Defendants failed to properly include all forms of compensation when computing the respective regular rates for members of the California and FLSA Overtime Classes;

iii.    Whether Defendants' policies and/or practices for determining the regular rate of pay for purposes of overtime compensation to the Overtime Classes violated California law and/or the FLSA;

iv.     Whether the piece-rate policies/procedures utilized by Defendants complied with California law and/or the FLSA;

v.      Whether Defendants maintained a legally compliant meal period policy during the relevant time period;

vii.    Whether Defendants maintained a legally compliant rest period policy during the relevant time period;

viii.   Whether Defendants furnished legally compliant wage statements to members of the Wage Statement Class pursuant to Labor Code 226.

22. **Predominance of Common Questions:**  Common questions of law and fact predominate over questions that affect only individual members of the Classes.  The common questions of law set forth above are numerous and substantial and stem from Defendants' policies and/or practices applicable to each

Class, Collective, and Representative Action Complaint

individual class member, such as their uniform method of calculating overtime payments for the members of the California and FLSA Overtime Classes.  As such, these common questions predominate over individual questions concerning each individual class member's showing as to his or her eligibility for recovery or as to the amount of his or her damages.

23.   **Typicality:**  The claims of Plaintiff are typical of the claims of the Classes because Plaintiff was employed by Defendants as a non-exempt employee in California and the United States during the statutes of limitation applicable to each claim pled in the Complaint in this action.  As alleged herein, Plaintiff, like the members of the Classes, was deprived of all minimum, overtime and premium wages, was not provided with all legally compliant meal and rest periods, and was furnished with inaccurate and incomplete wage statements.

24.   **Adequacy of Representation:**  Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the members of the Classes.  Moreover, Plaintiff's attorneys are ready, willing and able to fully and adequately represent the members of the Classes and Plaintiff.  Plaintiff's attorneys have prosecuted and defended numerous wage-and-hour class actions in state and federal courts in the past and are committed to vigorously prosecuting this action on behalf of the members of the classes.

25.   **Superiority:**  The California Labor Code is broadly remedial in nature and serves an important public interest in establishing minimum working conditions and standards in California.  Similarly, the FLSA is remedial in nature and serves an important public interest in establishing minimum working conditions and standards through the United States.  These laws and labor standards protect the average working employee from exploitation by employers who have the responsibility to follow the laws and who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment.  The nature of this action and the format of laws available to

Plaintiff and members of the Classes make the class action format a particularly efficient and appropriate procedure to redress the violations alleged herein.  If each employee were required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources.  Moreover, requiring each member of the Classes to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damages to their careers at subsequent employment.  Further, the prosecution of separate actions by the individual Class Members, even if possible, would create a substantial risk of inconsistent or varying verdicts or adjudications with respect to the individual Class Members against Defendants herein; and which would establish potentially incompatible standards of conduct for Defendants; and/or legal determinations with respect to individual Class Members which would, as a practical matter, be dispositive of the interest of the other Class Members not parties to adjudications or which would substantially impair or impede the ability of the Class Members to protect their interests. Further, the claims of the individual members of the Classes are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attending thereto.

26.    As such, the Rule 23 Classes identified in Paragraph 19 are maintainable as a Class under Rule 23(b)(1) and/or Rule 23(b)(3).

## FIRST CLAIM

### FAILURE TO PAY OVERTIME WAGES

### (AGAINST ALL DEFENDANTS)

27.    Plaintiff re-alleges and incorporates by reference all prior paragraphs as though fully set forth herein.

28.     This claim is brought on behalf of the California Overtime Class pursuant to Labor Code §§ 204, 510, 558, 1194, and 1198, which provide that hourly non-exempt employees are entitled to all overtime wages and compensation for hours worked, and provide a private right of action for the failure to pay all overtime compensation for overtime work performed.

29.     At all times relevant herein, Defendants were required to properly compensate non-exempt employees, including Plaintiff and members of the Overtime Class, for all overtime hours worked pursuant to California Labor Code § 1194 and Wage Order 4.  Wage Order 4, § 3 requires an employer to pay an employee "one and one-half (1½) times the employee's regular rate of pay" for work in excess of 8 hours per work day and/or in excess of 40 hours of work in the workweek.  Wage Order 4, § 3 also requires an employer to pay an employee double the employee's regular rate of pay for work in excess of 12 hours each work day and/or for work in excess of 8 hours on the seventh consecutive day of work in the workweek.

30.     Plaintiff is informed and believes, and based thereon alleges that, Defendants regularly and systematically, as a policy and practice, miscalculated the overtime rate of pay by failing to properly include the various forms of Incentive Pay and/or piece-rate wages paid to Plaintiff and members of the California Overtime Class, which are not statutory exclusions when calculating an employee's regular rate of pay.  Rather, Plaintiff and members of the California Overtime Class were only paid one and a half times their base rate, which was not equal to the regular rate, as Defendants failed to include the various forms of Incentive Pay and/or piece-rate wages earned during corresponding periods that were required to be included in the regular rate, but were not.  In addition, Defendants failed to pay for all overtime hours worked as a result of treating overtime wages as an advance against piece-rate earnings for Plaintiff and members of the California Overtime Class such that these individuals were not

paid for all overtime hours worked.  Accordingly, Plaintiff and members of the California Overtime Class were not compensated at the appropriate rates of overtime pay for all overtime hours worked.

31.     Defendants' policy and practice of requiring overtime work and not paying at the proper overtime rates for said work violates California Labor Code §§ 204, 210, 510, 558, 1194, and 1198, and Wage Order 4.

32.     Plaintiff is informed and believes and thereon alleges that the job duties and responsibilities of the California Overtime Class are irrelevant because Plaintiff and all others similarly situated merely allege wrongdoing with Defendants' pay policies and practices as to calculating the applicable overtime rates of pay and amount of overtime worked by members of the California Overtime Class.

33.     The foregoing policies and practices are unlawful and create an entitlement to recovery by Plaintiff and members of the California Overtime Class in a civil action for the unpaid amount of overtime premiums owing, including interest thereon, statutory penalties, civil penalties, attorney's fees, and costs of suit according to California Labor Code §§ 204, 210, 510, 558, 1194, 1198, and Code of Civil Procedure § 1021.5.

## SECOND CLAIM
### FLSA VIOLATIONS
### (AGAINST ALL DEFENDANTS)

34.     Plaintiff re-alleges and incorporates by reference all prior paragraphs as though fully set forth herein.

35.     This claim is brought pursuant to 29 U.S.C. § 207, which requires employers to pay all non-exempt employees one and one-half times the regular rate of pay for all hours worked in excess of 40 per workweek.

36.     Plaintiff and members of the FLSA Overtime Class worked in excess of 40 hours per workweek, earned overtime compensation, and received various

forms of Incentive Pay and/or piece-rate wages, which are not exclusions when calculating the regular rate of pay.

37. Plaintiff is informed and believes, and based thereon alleges that, Defendants regularly and systematically, as a policy and practice, miscalculated the overtime rate of pay by failing to properly include the various forms of Incentive Pay and/or piece-rate wages paid to Plaintiff and members of the FLSA Overtime Class, which are not statutory exclusions when calculating an employee's regular rate of pay. Rather, Plaintiff and members of the FLSA Overtime Class were only paid one and a half times their base rate, which was not equal to the regular rate, as Defendants failed to include the various forms of Incentive Pay earned during corresponding periods that were required to be included in the regular rate, but were not. Accordingly, Plaintiff and members of the FLSA Overtime Class were not compensated at the appropriate rates of overtime pay for all hours worked.

38. Accordingly, Plaintiff and members of the FLSA Overtime Class were not compensated at the correct overtime rates of pay for all overtime hours worked.

39. Defendants' policy and practice of requiring overtime work and not paying at the proper overtime rate for said work violates the FLSA's overtime requirements including, but not limited to 29 U.S.C. § 207.

40. Defendants' policies and practices, as alleged, constitute a wilful violation of the FLSA, within the meaning of 29 U.S.C. § 255.

41. Defendants' policy and practice of failing to include all forms of Incentive Pay in the overtime rate calculations for Plaintiff and members of the FLSA Overtime Class creates an entitlement to recovery by Plaintiff and members of the FLSA Overtime Class in a civil action for the unpaid amount of overtime premiums owing, including liquidated damages, attorneys' fees and costs, per 29 U.S.C. § 216 and interest thereon.

## **THIRD CLAIM**

## **MINIMUM WAGE VIOLATIONS**

## **(AGAINST ALL DEFENDANTS)**

42.     Plaintiff re-alleges and incorporates by reference all prior paragraphs as though fully set forth herein.

43.     Wage Order 4, § 4 and California Labor Code §§ 1197 and 1182.12 establish the right of employees to be paid minimum wages for all hours worked, in amounts set by state law.  Labor Code §§ 1194(a) and 1194.2(a) provide that an employee who has not been paid the legal minimum wage as required by Labor Code § 1197 may recover the unpaid balance together with attorneys' fees and costs of suit, as well as liquidated damages in an amount equal to the unpaid wages and interest accrued thereon.

44.     At all relevant times herein, Defendants failed to conform their pay practices to the requirements of the law.  This unlawful conduct includes, but is not limited to Defendants' uniform piece-rate compensation structure for members of the Minimum Wage Class, which resulted in these individuals only being paid on Defendants' piece-rate system, as opposed to being paid for all hours actually worked-.  Accordingly, Plaintiffs and members of the Minimum Wage Class were not compensated for all hours worked including, but not limited to, all hours they were subject to the control of Defendants and/or suffered or permitted to work under the California Labor Code and Wage Order 4.

45.     As a direct and proximate result of Defendants' unlawful conduct as alleged herein, Plaintiff and the Class Members have sustained economic damages, including but not limited to unpaid wages and lost interest, in an amount to be established at trial, and they are entitled to recover economic and statutory damages and penalties and other appropriate relief as a result of Defendants' violations of the California Labor Code and Wage Order 4.

46.     Defendants' practice and uniform administration of corporate policy

regarding illegal employee compensation is unlawful and creates an entitlement to recovery by Plaintiff and members of the Minimum Wage Class in a civil action for the unpaid amount of minimum wages, liquidated damages, including interest thereon, statutory penalties, civil penalties, attorney's fees, and costs of suit according to California Labor Code §§ 204, 210, 216, 558, 1194 *et seq.*, 1198, and Code of Civil Procedure § 1021.5.

**FOURTH CLAIM**

**MEAL PERIOD VIOLATIONS**

**(AGAINST ALL DEFENDANTS)**

47.     Plaintiff re-alleges and incorporates by reference all prior paragraphs as though fully set forth herein.

48.     Plaintiff is informed and believes that Defendants failed in their affirmative obligation to provide all of their hourly non-exempt employees, including Plaintiff and members of the Meal Period Class, with timely, duty-free, uninterrupted thirty-minute meal periods in accordance with the mandates of the California Labor Code and Wage Order 4.  As such, Defendants are responsible for paying premium compensation for meal period violations pursuant to Labor Code §§ 226.7, 512, and 558, and Wage Order 4.

49.     Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to pay Plaintiff and members of the Meal Period Class the premium pay required in Labor Code § 226.7 and Wage Order 4 when they were not provided with a legally-compliant meal period or meal periods, and in those instances where Defendants did make a purported meal period premium payment (if ever), such meal period premium was not paid at the employees' regular rate of pay due to Defendants' miscalculation of the regular rate.  As a result, Defendants owe Plaintiff and members of the Meal Period Class additional compensation pursuant to Labor Code § 226.7 and Wage Order 4, including interest thereon, statutory penalties, civil penalties, and costs of suit.

# FIFTH CLAIM

## REST PERIOD VIOLATIONS

## (AGAINST ALL DEFENDANTS)

50.      Plaintiff re-alleges and incorporates by reference all prior paragraphs as though fully set forth herein.

51.      Wage Order 4, § 12 and California Labor Code §§ 226.7, 516 and 558 establish the right of employees to be provided with a rest period of at least ten (10) minutes for each four (4) hour period worked, or major fraction thereof.

52.      Defendants failed to authorize and permit all required rest periods due to their facially unlawful rest period policy.  Additionally, Defendants failed to separately compensate Plaintiff and members of the Rest Period Class for each rest period to which they were entitled while working on a piece-rate compensation plan.

53.      Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to pay Plaintiff and members of the Rest Period Class the premium pay required in Labor Code § 226.7 and Wage Order 4 when they were not authorized and permitted to take a required legally-compliant rest period or rest periods, and in those instances where Defendants did make a purported rest period premium payment, such rest period premium was not paid at the employees' regular rate of pay due to Defendants' miscalculation of the regular rate.  As a result, Defendants owe Plaintiff and members of the Rest Period Class additional compensation pursuant to Labor Code § 226.7 and Wage Order 4, including interest thereon, statutory penalties, civil penalties, reasonable attorney's fees, and costs of suit.

///

///

///

///

Class, Collective, and Representative Action Complaint

## SIXTH CLAIM

### WAGE STATEMENT PENALTIES

### (AGAINST ALL DEFENDANTS)

54.     Plaintiff re-alleges and incorporates by reference all prior paragraphs as though fully set forth herein.

55.     Plaintiff is informed and believes, and based thereon alleges that, Defendants knowingly and intentionally, as a matter of uniform policy and practice, failed to furnish Plaintiff and members of the Wage Statement Class with accurate and complete wage statements regarding their total regular hours worked, total overtime hours worked, regular rates of pay, rates of overtime pay, meal and rest period premium wages, all piece-rates and piece-rate units earned, total gross wages earned, and total net wages earned, in violation of Labor Code § 226.

56.     Defendants' failure to furnish Plaintiff and members of the Wage Statement Class with complete and accurate itemized wage statements resulted in actual injury, as said failures led to, among other things, the non-payment of all their overtime and minimum wages, and meal and rest period premium wages, and deprived them of the information necessary to identify the discrepancies in Defendants' reported data.

57.     Defendants' failures create an entitlement to recovery by Plaintiff and members of the Wage Statement Class in a civil action for all damages and/or penalties pursuant to Labor Code § 226, including statutory penalties, civil penalties, reasonable attorney's fees, and costs of suit according to California Labor Code §§ 226 and 226.3.

### SEVENTH CLAIM

### UNLAWFUL DEDUCTIONS FROM EARNED WAGES

### (AGAINST ALL DEFENDANTS)

58.     Plaintiff re-alleges and incorporates by reference all prior paragraphs as though fully set forth herein.

Class, Collective, and Representative Action Complaint

59.     This Claim is brought pursuant to Labor Code § 221 which makes it unlawful for an employer to make deductions from an employee's earned wages.

60.     Plaintiff and members of the Wage Deduction Class earned piece-rate wages and/or Incentive Pay for completing installations and/or repairs.  Although Plaintiff and members of the Wage Deduction Class completed their job duties with respect to these installations and/or repairs, and earned the respective piece-rate wages and/or Incentive Pay that was paid to them, Defendants nonetheless deducted these earned wages from future wages in the event that a customer filed a warranty claim with respect to the items installed and/or repaired by Plaintiff and members of the Wage Deduction Class.

61.     Defendants' policy and/or practice of deducting earned wages from Plaintiff and members of the Wage Deduction Class is unlawful and creates an entitlement to recovery by Plaintiff and members of the Wage Deduction Class for unpaid wages, interest, attorneys' fees and costs, in a civil action according to California Labor Code §§ 218.6, 221, and Code of Civil Procedure § 1021.5.

## EIGHTH CLAIM
### UNFAIR COMPETITION
### (AGAINST ALL DEFENDANTS)

62.     Plaintiff re-alleges and incorporates by reference all prior paragraphs as though fully set forth herein.

63.     Defendants have engaged and continue to engage in unfair and/or unlawful business practices in California in violation of California Business and Professions Code § 17200 et seq., by failing to pay Plaintiff and the Classes all overtime and minimum wages; failing to provide all legally required meal and rest periods or make premium payments in lieu thereof; knowingly failing to furnish and provide accurate and complete wage statements in violation of Labor Code § 226, and making unlawful deductions from wages in violation of Labor Code § 221.

64.     Defendants' utilization of these unfair and/or unlawful business practices deprived Plaintiff and continues to deprive members of the Classes of compensation to which they are legally entitled, constitutes unfair and/or unlawful competition, and provides an unfair advantage over Defendants' competitors who have been and/or are currently employing workers and attempting to do so in honest compliance with applicable wage and hour laws.

65.     Because Plaintiff is a victim of Defendants' unfair and/or unlawful conduct alleged herein, Plaintiff, for himself and on behalf of the members of the Classes, seeks full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by Defendants pursuant to Business and Professions Code §§ 17203 and 17208.

66.     The acts complained of herein occurred within the last four years immediately preceding the filing of the Complaint in this action.

67.     Plaintiff was compelled to retain the services of counsel to file this court action to protect his interests and those of the Classes, to obtain restitution, and to enforce important rights affecting the public interest.  Plaintiff thereby incurred the financial burden of attorneys' fees and costs, which he is entitled to recover under Code of Civil Procedure § 1021.5.

## NINTH CLAIM

## PRIVATE ATTORNEYS GENERAL ACT

## (AGAINST ALL DEFENDANTS)

68.     Plaintiff re-alleges and incorporates by reference all prior paragraphs as though fully set forth herein.

69.     Defendants have committed several Labor Code violations against Plaintiff, members of the Classes, and other similarly aggrieved employees.

70.     Plaintiff, an "aggrieved employee" within the meaning of Labor Code § 2698 et seq., acting on behalf of himself and other similarly aggrieved employees, brings this representative action against Defendants to recover the civil

20

penalties due to Plaintiff, the members of the Classes, other similarly aggrieved employees, and the State of California according to proof pursuant to Labor Code § 2699 (a) and (f) including, but not limited to $100.00 for each initial violation and $200 for each subsequent violation per employee per pay period for the following Labor Code violations:

(a)    Failing to pay Plaintiff, the California Overtime Class, and other similarly aggrieved employees all earned overtime compensation in violation of Labor Code §§ 204, 510, 1194, and 1198 *et seq.*;

(b)    Failing to pay at least the minimum wage for all hours actually worked to Plaintiff,  the Minimum Wage Class, and other similarly aggrieved employees in violation of Labor Code §§ 204, 1194 et seq. and 1197;

(c)    Failing to authorize and permit all required rest periods, and failing to separately compensate Plaintiff, the Rest Period Class, and other similarly aggrieved employees for rest periods, and failure to pay rest period premium payments for rest period violations, in violation of Labor Code §§ 226.7, 516 and 558;

(d)    Failing to provide Plaintiff, the Meal Period Class, and other similarly aggrieved employees with all required meal periods or pay meal period premium payments, in violation of Labor Code §§ 226.7, 512 and 558;

(e)    Failing to furnish Plaintiff, the Wage Statement Class, and other similarly aggrieved employees with complete, accurate, itemized wage statements in violation of Labor Code § 226 *et seq.*;

(f)    Failing to pay Plaintiff and other similarly aggrieved employees all earned wages at least twice during each calendar month in violation of Labor Code § 204;

(g)    Making unlawful deductions from the earned wages of Plaintiff, the Wage Deduction Class and other similarly aggrieved employees in violation of Labor Code § 221; and

(h)    Failing to maintain accurate records on behalf of Plaintiff and

similarly aggrieved employees in violation of Labor Code § 1174.

71.   On or about September 10, 2015, Plaintiff notified Defendants and the California Labor and Workforce Development Agency ("LWDA") via certified mail of Defendants' violations of the California Labor Code and Plaintiff's intent to bring a claim for civil penalties under California Labor Code § 2698 et seq. with respect to the violations of the California Labor Code identified in Paragraph 70 (a)-(h).   Now that thirty-three days have passed from Plaintiff notifying Defendants of the aforementioned violations, Plaintiff has exhausted his administrative requirements for bringing a claim under the Private Attorneys General Act.

72.   Plaintiff was compelled to retain the services of counsel to file this court action to protect his interests, that of the members of the classes, and other similarly aggrieved employees, and to assess and collect the civil penalties owed by Defendants.   Plaintiff has thereby incurred attorneys' fees and costs, which he is entitled to recover under California Labor Code § 2699.

## PRAYER

WHEREFORE, Plaintiff prays for judgment for himself and for all others on whose behalf this suit is brought against Defendants, jointly and severally, as follows:

1.   For an order certifying the proposed Classes;

2.   For an order appointing Plaintiff as representative of the Classes;

3.   For an order appointing Counsel for Plaintiff as Counsel for the Classes;

4.   Upon the First Claim, for compensatory, consequential, general and special damages according to proof pursuant to Labor Code §§ 204, 510, 558, 1194, and 1198;

5.   Upon the Second Claim, for compensatory, consequential, liquidated, general and special damages pursuant to 29 U.S.C. §§ 207 and 216.

Class, Collective, and Representative Action Complaint

6. Upon the Third Claim for payment of minimum wages, liquidated damages, and penalties according to proof pursuant to Labor Code §§ 204, 558, 1194, 1194.2 and 1199;

7. Upon the Fourth Claim, for compensatory, consequential, general and special damages according to proof pursuant to Labor Code §§ 226.7, 512, and 558;

8. Upon the Fifth Claim, for compensatory, consequential, general and special damages according to proof pursuant to Labor Code §§ 226.7, 516 and 558;

9. Upon the Sixth Claim, for statutory wage statement penalties pursuant to Labor Code § 226;

10. Upon the Seventh Claim, for compensatory, consequential, general and special damages according to proof pursuant to Labor Code § 221;

11. Upon the Eighth Claim, for restitution to Plaintiff and members of the Classes of all money and/or property unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be in violation of Business and Professions Code § 17200 *et seq.*;

12. Upon the Ninth Claim, for civil penalties due to Plaintiff, other similarly aggrieved employees, and the State of California according to proof pursuant to Labor Code §§ 558 and 2699(a) and (f) including, but not limited to: (1) $50.00 for each initial violation and $100 for each subsequent violation of Labor Code § 558 per employee per pay period plus an amount equal to the unpaid wages and; (2) $100.00 for each initial violation and $200 for each subsequent violation per employee per pay period for the violations of the Labor Code Sections cited in Labor Code § 2699.5

13. Prejudgment interest on all due and unpaid wages pursuant to

Class, Collective, and Representative Action Complaint

California Labor Code § 218.6 and Civil Code §§ 3287 and 3289;

14. On all causes of action, for attorneys' fees and costs as provided by Labor Code §§ 218.5, 1194 *et seq.* and Code of Civil Procedure § 1021.5;

15. For such other and further relief the Court may deem just and proper.

Respectfully submitted,

Dated:  October 28, 2015          BOREN, OSHER & LUFTMAN LLP

By:    _/s/Paul K. Haines_____
Paul K. Haines
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial with respect to all issues triable by jury.

Dated:  October 28, 2015          BOREN, OSHER & LUFTMAN LLP

By:    _/s/Paul K. Haines_____
Paul K. Haines
Attorneys for Plaintiff

Class, Collective, and Representative Action Complaint