

To: Technicians and Repair Specialists of California
From: Steve Miggo
Date: August 21, 2017
Re: Class Action Lawsuits

---

A current and a former employee of Safelite AutoGlass® ("Plaintiffs") have each filed a lawsuit against Safelite on behalf of themselves and all other Technicians and Repair Specialists employed by Safelite in California (collectively, the "Lawsuits"). You are receiving this notice because you are among the group of employees Plaintiffs seek to represent in the Lawsuits.

Plaintiffs allege that Safelite failed to do all of the following with respect to its Technicians and Repair Specialists: pay overtime and minimum wages; comply with California law prohibiting deductions from earned wages; provide compliant meal periods and rest breaks; provide accurate itemized wage statements; and timely pay all wages due.

Safelite disputes that it has any liability for the claims in the Lawsuit and has engaged counsel to vigorously defend the Lawsuits. Although Safelite disputes the allegations, Safelite believes that, where possible, it is better to resolve these issues directly with its employees rather than engage in the cost and distraction of protracted litigation. For this reason, Safelite is offering a settlement payment to resolve the claims at issue in the Lawsuits.

The next few pages include a fact sheet that explains the Lawsuit and provides additional background information, and a Settlement Agreement that will apply if you choose to resolve your claims directly with Safelite.

**Whether you choose to accept Safelite's settlement offer is entirely your choice and will have no impact whatsoever on your employment eligibility or status with Safelite. No one will be retaliated against for accepting or rejecting the settlement offer.**

Sincerely,

*[signature]*

Steve Miggo, SVP Operations & Supply Chain

Enclosures: Fact Sheet, Settlement and Release Agreement, & Settlement Check



| | |
|---|---|
| Para: | Técnicos y especialistas de reparaciones en California |
| De: | Steve Miggo |
| Fecha: | 21 de agosto, 2017 |
| Asunto: | Demandas colectivas |

Un empleado y un ex empleado de Safelite AutoGlass® (los "Demandantes") plantearon sendas demandas en contra de Safelite a nombre de ellos mismos y de otros técnicos y especialistas de reparaciones empleados por Safelite en California (en su conjunto, "las Demandas"). Usted ha recibido esta notificación porque figura en el grupo de empleados que los Demandantes pretenden representar en las Demandas.

Los Demandantes afirman que Safelite no cumplió con lo siguiente respecto de sus técnicos y especialistas de reparaciones: que no pagó las horas extras y el salario mínimo, que no respetó la leyes de California que prohíben las deducciones de salarios devengados, que no concedió períodos requeridos para comer y descansar, que no incluyó información desglosada en los recibos de nómina y no pagó a tiempo todos los salarios pagaderos.

Safelite rechaza toda responsabilidad en cuanto a las reclamaciones de las Demandas y contrató a abogados para que la defiendan enérgicamente en las Demandas. Si bien Safelite niega esos reclamos, la empresa considera que de ser posible es mejor resolver estos asuntos directamente con sus empleados, en lugar de cargar con el costo y la distracción que implica un litigio alargado. Por este motivo, Safelite le ofrece a usted un pago de finiquito para resolver las pretensiones planteadas en las Demandas.

En las siguientes páginas se incluye una hoja de información que explica las Demandas y aporta información de trasfondo, así como un Convenio de Finiquito en caso de que usted elija resolver esos reclamos directamente con Safelite.

**La decisión de aceptar o no la oferta de finiquito de Safelite es exclusivamente suya y no tendrá impacto alguno en su admisibilidad o condición de empleo en Safelite. No habrá represalias en contra de cualquier persona por haber aceptado o rechazado esta oferta de finiquito.**

Respetuosamente,

Steve Miggo, SVP de Operaciones y Cadena de Suministros

Anexos: Hoja de Información, el Convenio de Finiquito y Descargo, y el Cheque de Finiquito

## FACT SHEET

1. **What are the Lawsuits about?**

The Lawsuits allege that Safelite's Technicians and Repair Specialists (collectively, "Employees") were not paid overtime and minimum wages; were not provided compliant meal periods and rest breaks; were subject to unlawful deductions from earned wages; were not provided accurate wage statements; and were not paid all wages in a timely manner in accordance with California law.

Details regarding the claims at issue in the Lawsuits are set forth in the Complaints titled (1) *Ontiveros v. Safelite Fulfillment, Inc., et al.*, filed in the United States District Court, Central District of California and assigned Case No. 2:15-cv-07118 ("*Ontiveros* Action") and (2) *Curiel v. Safelite Fulfillment, Inc.*, Los Angeles County Superior Court and assigned Case No. BC 652703 ("*Curiel* Action") (the *Ontiveros* and *Curiel* Actions are collectively referred to as the "Lawsuits"). The *Ontiveros* Action Complaint can be accessed at https://pacer.login.uscourts.gov/csologin/login.jsf, the *Curiel* Action Complaint can be accessed at http://www.occourts.org/, or both can be accessed by contacting the attorneys representing Plaintiffs: Haines Law Group, APC, 2274 East Maple Ave., El Segundo, California 90245, (424) 292-2350. If you are interested in seeing a copy of the Complaints, you may also contact Denzil Barkley, People Business Partner at (916)767-1802, who will make them available to you for review.

2. **Why is Safelite offering to resolve the claims?**

Safelite disputes the claims at issue in the Lawsuits and believes that its Employees were paid for all hours worked, provided all legally required meal periods and rest breaks, and treated in accordance with California law. But Safelite also recognizes that litigation is expensive, disruptive, and uncertain for all. Whenever possible, Safelite prefers to resolve disputed claims directly with its Employees, and Safelite is doing this to resolve disputed claims in a way that it believes benefits each of us: you receive a certain, prompt, and direct payment of money that you may or may not otherwise be entitled to receive, and Safelite can focus on its business.

3. **What is the settlement amount and how was it calculated?**

Safelite is offering to pay you a settlement payment based on how long you worked for the Company since September 9, 2011, rounded up to the nearest year, in exchange for your release of the claims at issue in the Lawsuits. Employees will receive $250.00 per year of employment (the "Settlement Payment"). The amount of your Settlement Payment is provided in Paragraph 1 of the enclosed Settlement Agreement.

(Continued on reverse side)

4.  **What happens if I accept the Settlement Payment?**

As more fully explained in the enclosed Settlement and Release Agreement ("Settlement Agreement"), in exchange for the Settlement Payment, you will give up your right to participate in the Lawsuits and will release the Claims (defined at Paragraph 5 of the Settlement Agreement) against Safelite and its related entities.

5.  **What are my options?**

Option 1: Accept the Settlement Payment and Release of Claims. You may accept the Settlement Agreement and Settlement Payment by cashing, depositing, or otherwise tendering the enclosed Settlement Check, which constitutes your agreement to the terms of the enclosed Settlement Agreement.

Option 2: Do Nothing. You can do nothing (*i.e.*, you do not cash, deposit, or otherwise tender the Settlement Payment Check), which means that you will not have released your claims against Safelite and can still participate in the Lawsuits. Whether you will ultimately receive a payment from the Lawsuits is uncertain -- you could receive less than the Settlement Payment, more than the Settlement Payment, or nothing. The only way to guarantee yourself a payment now is by accepting the Settlement Agreement.

6.  **Whom do I talk to if I have additional questions?**

If you have any questions about the settlement offer, you are welcome to contact Denzil Barkley, People Business Partner at (916)767-1802. Alternatively, you may speak with an attorney or other advisor of your choosing, including the attorneys representing Plaintiffs in the Lawsuits.

7.  **When must I respond to this settlement offer?**

To accept the Settlement Payment, you should cash, deposit, or otherwise tender the Settlement Check by September 5, 2017.

Again, whether you choose to accept Safelite's settlement offer is entirely your choice and will have no impact whatsoever on your employment eligibility or status with Safelite. No one will be retaliated against for accepting or rejecting the settlement offer.

<u>HOJA DE INFORMACIÓN</u>

1. <u>¿De qué se tratan las Demandas?</u>

En las Demandas se denuncia que a los técnicos y especialistas de reparaciones de Safelite (en su conjunto, los "Empleados") no se les pagó por horas extras y el salario mínimo, que no se les concedieron los períodos para comer y descansar, que se les hicieron deducciones ilícitas de sus salarios devengados, que no recibieron recibos de nómina correctos y que no se les pagó a tiempo todo los salarios de conformidad con las leyes de California.

Los detalles de las pretensiones que son objeto de las Demandas están expuestos en las demandas caratuladas (1) *Ontiveros v. Safelite Fulfillment, Inc., et al.*, radicada en el Tribunal Federal de 1.ª Instancia, Distrito Central de California y designada Causa Núm. 2:15-cv-07118 ("Acción *Ontiveros*") y (2) *Curiel v. Safelite Fulfillment, Inc.*, Tribunal Superior del Condado de Los Ángeles y designada Causa Núm. BC 652703 ("Acción *Curiel*"). Las acciones *Ontiveros* y *Curiel* quedan designadas conjuntamente aquí como las "Demandas". La demanda de la Acción *Ontiveros* está disponible en https://pacer.login.uscourts.gov/csologin/login.jsf, y la demanda de la Acción *Curiel* está disponible en http://www.occourts.org/, o ambas a través de los abogados de los Demandantes: Haines Law Group, APC, 2274 East Maple Ave., El Segundo, California 90245, (424) 292-2350. Si le interesa obtener copias de las Demandas, también puede comunicarse con Denzil Barkley en Recursos Humanos al número (916) 767-1802, para que usted pueda repasarlas.

2. <u>¿Por qué Safelite ofrece resolver los reclamos?</u>

Safelite rechaza las pretensiones planteadas en las Demandas y cree sí les pagó a sus Empleados todas las horas trabajadas, sí les concedió todos los períodos para comer y descansar que exigen las leyes, y que los trató de conformidad con las leyes de California. Pero, Safelite también reconoce que un litigio resulta caro, perjudicial e incierto para todos. En lugar de pagar a los abogados para que defiendan las Demandas, Safelite prefiere resolver los reclamos del litigio directamente con sus Empleados, y Safelite ha decidido solucionar esos reclamos de tal manera que nos beneficie a ambos: Usted recibe un pago monetario específico, directo y sin demoras, que caso contrario puede que usted reciba o no, y Safelite puede concentrarse en su negocio.

3. <u>¿Cuál es el monto del finiquito y cómo se calculó?</u>

Safelite le ofrece pagarle un finiquito a usted en base al tiempo que ha trabajado para la Empresa a partir del 9 de septiembre de 2011, redondeado al año al alza, a cambio de que usted la libere de toda pretensión incluida en las Demandas. Los Empleados recibirán 250 dólares por año de empleo (el "Pago de Finiquito"). El monto de su Pago de Finiquito está asentado en el Párrafo 1 del Convenio de Finiquito que se adjunta.

(Continúa en el dorso)

### 4. ¿Qué pasa si acepto el Pago de Finiquito?

Como se explica en mayor detalle en el Convenio de Finiquito y descargo que se adjunta (el "Convenio de Finiquito"), a cambio de recibir el Pago de Finiquito usted renunciará a su derecho a participar en las Demandas y liberará a Safelite y sus entidades conexas de todas las pretensiones descritas en el Párrafo 5 del Convenio de Finiquito.

### 5. ¿Qué opciones tengo?

1.ª opción: Aceptar el Pago de Finiquito y el Descargo de Pretensiones. Usted puede aceptar el Convenio de Finiquito y el Pago de Finiquito al cobrar, depositar o de cualquier manera tramitar el Cheque de Finiquito que se adjunta, lo cual constituirá su aceptación de los términos del Convenio de Finiquito que se adjunta.

2.ª opción: No hacer nada. Usted puede elegir no hacer nada—p.ej. no cobra, ni deposita ni de ninguna manera da curso al cheque del Pago de Finiquito—lo que significa que usted no habrá liberado a Safelite de los reclamos y aún podrá sumarse a las Demandas. No habrá certeza en cuanto a si usted recibirá más adelante un pago de las Demandas; puede que reciba una suma menor que el Pago de Finiquito, mayor que el Pago de Finiquito, o nada. La única manera de garantizar que recibirá un pago ahora es si acepta el Convenio de Finiquito.

### 6. ¿Con quién puedo hablar si tengo más preguntas?

Si tiene alguna duda acerca de la oferta de finiquito, favor de comunicarse con Denzil Barkley en Recursos Humanos at (916) 767-1802. Como alternativa, puede hablar con un abogado o asesor de su elección, incluso los abogados que representan a los Demandantes en las Demandas.

### 7. ¿Para cuándo debo responder a esta oferta de finiquito?

Para aceptar el Pago de Finiquito, deberá cobrar, depositar o de cualquier manera tramitar el Cheque de Finiquito para el 5 de septiembre de 2017.

Se le recuerda una vez más que la decisión de aceptar o no la oferta de finiquito de Safelite es exclusivamente suya y no tendrá impacto alguno en su admisibilidad o condición de empleo en Safelite. No habrá represalias en contra de cualquier persona por haber aceptado o rechazado esta oferta de finiquito.

## SETTLEMENT AND RELEASE AGREEMENT

This Settlement Agreement (the "Agreement") is made and entered into by and between Safelite Fulfillment, Inc. ("Company"), and ███████████, a current or former employee of Company ("Employee"), who agree to the following:

**1. Amount Offered For Agreement.** In exchange for Employee entering into this Agreement, Company will pay Employee $1,500.00, less legally required withholdings (the "Settlement Payment").

**2. Method of Acceptance.** In order to accept the terms of this Agreement, Employee must cash, deposit, or otherwise tender the Settlement Check enclosed with this Agreement. This Agreement cannot be accepted by any other method. BY CASHING, DEPOSITING, OR OTHERWISE TENDERING THE SETTLEMENT CHECK, EMPLOYEE IS REPRESENTING THAT EMPLOYEE HAS READ THIS AGREEMENT IN ITS ENTIRETY AND THE ACCOMPANYING FACT SHEET AND THAT EMPLOYEE ACCEPTS THIS AGREEMENT, KNOWINGLY AND VOLUNTARILY, WITH FULL UNDERSTANDING OF ITS CONSEQUENCES. If Employee does not wish to accept the terms of this Agreement, Employee should <u>not</u> cash, deposit, or otherwise tender the enclosed Settlement Check.

**3. Effective Date.** The Effective Date of this Agreement is the date Employee cashes, deposits, or otherwise tenders the enclosed Settlement Check.

**4. Receipt Of Settlement Communication.** Employee acknowledges having received a copy of the memorandum and fact sheet from Company (the "Settlement Communication"), providing background information regarding the lawsuits filed as (1) *Ontiveros v. Safelite Fulfillment, Inc., et al.*, filed in the United States District Court, Central District of California, Case No. 2:15-cv-07118 and (2) *Curiel v. Safelite Fulfillment, Inc.*, Los Angeles County Superior Court, Case No. BC 652703 (collectively, the "Lawsuits"). Employee has had the opportunity to carefully review the Settlement Communication, review the Complaints filed in the Lawsuits, and seek legal advice before accepting this Agreement.

**5. Release Of Claims By Employee.** In exchange for the Settlement Payment, Employee hereby fully and without limitation releases and forever discharges Company and its respective past and present officers, directors, employees, agents, insurers, owners, shareholders, predecessors, successors, assigns, subsidiaries, parent companies, related companies (including, but not limited to, Safelite Group, Inc., and Safelite Glass Corp.), and affiliates (collectively, "the Released Parties"), from any and all claims, causes of action, damages, attorneys' fees, and costs, whether known or unknown, that Employee has against any of the Released Parties up until the date Employee accepts this Agreement related to the claims in the Lawsuits, which includes but is not limited to, claims for: unpaid wages; overtime; minimum wage; meal and rest break premiums; unlawful deductions from earned wages; wage records; timing of wage payments; itemized wage statements; unfair competition; and any penalties, interest or attorneys' fees arising out of the foregoing, including but not limited to waiting time penalties and penalties provided by California's Private Attorneys General Act (collectively, "the Claims").

**6. Waiver of Disputed Claims.** Employee agrees that California Labor Code section 206.5 is not applicable because there is a good faith dispute as to whether Company owes wages to Employee. Section 206.5 provides, in pertinent part, as follows: *"An employer shall not require the execution of a release of claim or right on account of wages due, or to become due, or made as an advance on wages to be earned, unless payment of those wages has been made."*

-1- Company ___

7. **Voluntary Agreement.** Employee acknowledges that Company has explained to Employee that the decision of whether to accept the Settlement Payment is entirely Employee's choice and Employee will not be retaliated against in any manner by Company for accepting or rejecting the Settlement Payment. Employee represents that Employee is accepting this Agreement voluntarily.

8. **Arbitration.** Any dispute arising out of or relating to this Agreement or its subject matter shall be settled by final and binding arbitration on an individual basis before a mutually agreed-upon JAMS arbitrator. Employee and Company agree that all disputes must be arbitrated in an individual capacity, and not as a plaintiff or class member in any purported class, collective, or representative action or proceeding. The arbitrator shall have no authority or jurisdiction (i) to sever, disregard, or refuse to apply this waiver or (ii) to conduct an arbitration, enter an award, or otherwise provide relief to any party, on a class, collective, or representative basis.

9. **Non-Participation.** By signing this Agreement, Employee agrees that Employee is waiving any right Employee may have to participate in the Lawsuits. Employee acknowledges that Employee does not want to voluntarily participate in or assist with the pursuit of the Lawsuits, either now or at any time in the future. Nothing in this paragraph prohibits Employee from being a witness in the Lawsuits if legally compelled to do so.

10. **Offset.** If a court or arbitrator finds that Employee's release of any claims under this Agreement is invalid or unenforceable, Company will have the right to obtain an offset for any amounts to which Employee is found to be entitled in any trial, arbitration, proceeding, settlement, or other disposition of any action pertaining to any wage and hour claims Employee has against Company, including any rights Employee may have to recover compensation or settlement proceeds in a lawsuit involving the Claims.

11. **Entire Agreement.** Employee acknowledges that Employee is not relying, and has not relied, on any representation or statement by Company with regard to the subject matter or terms of this Agreement, except to the extent set forth in this Agreement or the accompanying Settlement Communication. This Agreement constitutes the entire agreement between Employee and Company regarding the subject matter of this Agreement, and supersedes any and all other agreements, understandings or discussions between Employee and Company with respect to the Agreement's subject matter. This Agreement may not be modified except by a written document signed by Employee and Company. Should any portion, word, clause, phrase, sentence or paragraph of this Agreement be declared void or unenforceable, such portion shall be considered independent and severable from the remainder, the validity of which shall remain unaffected.

**EMPLOYEE'S CASHING, DEPOSITING OR OTHERWISE TENDERING THE SETTLEMENT CHECK CONFIRMS THAT EMPLOYEE HAS READ THIS AGREEMENT AND ACCEPTS ITS TERMS KNOWINGLY AND VOLUNTARILY, WITH FULL UNDERSTANDING OF ITS CONSEQUENCES.**

SAFELITE FULFILLMENT, INC.

Signature: _____
Steve Miggo, SVP Operations & Supply Chain

Date: August 21, 2017

Signature: *Employee's Cashing, Depositing Or Otherwise Tendering The Settlement Check Reflects Employee's Acceptance Of The Terms Of The Settlement Agreement*

## CONVENIO DE FINIQUITO Y DESCARGO

Este Convenio de Finiquito (el "Convenio") se celebra y formaliza por parte de Safelite Fulfillment, Inc. (la "Empresa") y de ▇▇▇▇▇▇▇▇▇▇ empleado o ex empleado de la Empresa (el "Empleado"), quienes convienen lo siguiente:

1. **La suma que se ofrece por el convenio.** A cambio de que el Empleado celebre este Convenio, la Empresa le pagará al Empleado la suma de $1,500.00, menos las retenciones requeridas por los estatutos (el "Pago de Finiquito").

2. **El método de aceptarlo.** Para que pueda aceptar los términos de este Convenio, el Empleado deberá cobrar, depositar o de otra manera dar curso al Cheque de Finiquito que se adjunta a este Convenio. Este Convenio no puede aceptarse de ninguna otra manera. AL COBRAR, DEPOSITAR O DE ALGUNA OTRA MANERA DAR CURSO A ESTE CHEQUE DE FINIQUITO, EL EMPLEADO HABRÁ MANIFESTADO QUE HA LEÍDO ESTE CONVENIO Y LA HOJA DE HECHOS QUE SE ADJUNTA, Y QUE ACEPTA ESTE CONVENIO A SABIENDAS Y VOLUNTARIAMENTE, CON PLENO ENTENDIMIENTO DE SUS CONSECUENCIAS. Si el Empleado prefiere no aceptar los términos de este Convenio, deberá abstenerse de cobrar, depositar o de dar curso al cheque de finiquito que se adjunta.

3. **Fecha de entrada en vigencia.** La fecha de entrada en vigencia de este Convenio será la fecha en que el Empleado cobre, deposite o de alguna otra manera dé curso al Cheque de Finiquito que se adjunta.

4. **Recibo de la Información del Finiquito.** El Empleado reconoce haber recibido copia del memorándum y la hoja de hechos de parte de la Empresa (la "Información del Finiquito"), que aporta información de trasfondo acerca de las demandas planteadas como (1) *Ontiveros v. Safelite Fulfillment, Inc., et al.*, planteada en el Tribunal Federal de 1.ª Instancia, Distrito Central de California, Causa Núm. 2:15-cv-07118 y (2) *Curiel v. Safelite Fulfillment, Inc.*, Tribunal Superior del Condado de Los Ángeles, Causa Núm. BC 652703 (en conjunto, las "Demandas"). El Empleado ha tenido la oportunidad de repasar detenidamente la Información del Finiquito, de repasar las denuncias incluidas en las Demandas, y de procurar asesoramiento legal antes de aceptar este Convenio.

5. **Descargo de reclamaciones por parte del Empleado.** A cambio del Pago de Finiquito, por el presente el Empleado plena e irrestrictamente exonera y para siempre descarga a la Empresa y a sus respectivos ejecutivos, directores, empleados, agentes, aseguradores, propietarios, accionistas, antecesores, causahabientes, subsidiarias, empresas matrices, empresas conexas (incluso, más no limitándose a Safelite Group, Inc., y Safelite Glass Corp.), y afiliadas pasadas y presentes (en su conjunto las "Partes Exoneradas") de todas y cualesquiera reclamaciones, derechos de acción, daños y perjuicios, honorarios de abogados, y costos, conocidos o desconocidos, que el Empleado haya tenido en contra de cualquiera de las Partes Exoneradas hasta la fecha en que el Empleado acepte este Convenio relacionado con las pretensiones de las Demandas, que incluyen, sin limitarse a ello, pretensiones por: el impago de salarios, horas extras, salarios mínimos, paga extra por períodos para comer y descansar, deducciones ilícitas de salarios devengados, registros de nómina, oportunidad del pago de salarios, estados de nómina desglosados, competencia desleal, y cualesquiera sanciones, interés u honorarios de abogados que emanen de lo anterior, incluso, más no limitándose, a sanciones por el retraso del pago de salarios y sanciones dispuestas por la Ley de California sobre Procuradores Generales Privados (en su conjunto, "las Reclamaciones").

6. **Renuncia de los reclamos en controversia.** El Empleado acuerda que el Art. 206.5 del Código del Trabajo de California no se aplica porque existe una controversia de buena fe en cuanto a si la Empresa le debe salarios al Empleado. En su parte pertinente, el Art. 206.5 dispone lo siguiente: *"Un empleador no podrá requerir la formalización de un descargo de pretensiones o derechos por motivo de salarios que ya se deban o vayan a deberse, o salarios girados por adelantado antes de su devengo, a menos que ya se hayan pagado esos salarios".*

7. **El Convenio es voluntario.** El Empleado reconoce que la Empresa le ha explicado que la decisión de aceptar o no el Pago de Finiquito es exclusivamente del Empleado y que no habrá ningún tipo de represalias en contra del Empleado por parte de la Empresa por haber aceptado o rechazad el Pago de Finiquito. El Empleado manifiesta que acepta este Convenio de manera voluntaria.

8. **Arbitraje**. Toda controversia que emane de o guarde relación con este Convenio o su materia deberá decidirse en un arbitraje definitivo y vinculante, a título individual, ante un árbitro de JAMS que haya sido aceptado por ambas partes. El Empleado y la Empresa acuerdan que todas las controversias deberán someterse a arbitraje a título individual, y no como demandante o miembro de un grupo demandante en cualquier acción o trámite presuntamente colectivo, representativo o de grupo. El árbitro no tendrá la facultad ni competencia para (i) desvincular, dejar de lado o negarse a aplicar esta exención, ni para (ii) llevar a cabo un arbitraje, asentar un laudo o conceder cualquier tipo de remedio a cualquier parte en una acción de índole colectiva, representativa o de grupo.

9. **Abstención de participar.** Al firmar este Convenio, el Empleado acuerda que renuncia a cualquier derecho que pueda tener de participar en las Demandas. El Empleado admite que no quiere participar voluntariamente ni colaborar en la tramitación de las Demandas, ya sea en la actualidad ni en el futuro. Este párrafo no prohíbe de ninguna manera que el Empleado sea testigo en las Demandas en caso de que ello se requiera legalmente.

10. **Compensación**. Si un tribunal o árbitro resuelve que el descargo por parte del Empleado de cualquier reclamación, de conformidad con este Convenio, no es válida o ejecutable, la Empresa tendrá el derecho de obtener una compensación por cualesquiera sumas a las que pueda tener derecho el Empleado mediante un juicio, arbitraje, procedimiento, finiquito u otra resolución de cualquier acción relacionada con cualquier reclamación salarial y de horas trabajadas que pueda plantear el Empleado en contra de la Empresa, incluso cualesquiera derechos que pueda tener el Empleado a recibir una indemnización o dineros de un finiquito en una demanda sobre las Reclamaciones.

11. **Integridad del Convenio.** El Empleado reconoce que no depende ni ha dependido de ninguna manifestación o declaración de la Empresa con respecto de la materia objeto o términos de este Convenio, excepto en la medida de lo dispuesto en este Convenio o en la Información del Finiquito que se anexa. Este Convenio constituye la integridad de lo acordado entre el Empleado y la Empresa acerca de la materia objeto de este Convenio, y suple a todo y cualquier otro acuerdo, entendimiento o conversaciones que haya habido entre el Empleado y la Empresa con respecto de la materia objeto de este Convenio. Este Convenio no puede ser modificado sino por un documento escrito firmado por el Empleado y la Empresa. En caso de que cualquier parte, palabra, cláusula, frase, oración o párrafo de este Convenio sea declarada nula o no ejecutable, esa parte se tendrá por independiente y divisible del resto, cuya validez continuará inalterada.

**AL COBRAR, DEPOSITAR O DE CUALQUIER MANERA DAR CURSO AL CHEQUE DE FINIQUITO, EL EMPLEADO HABRÁ MANIFESTADO QUE LEYÓ ESTE CONVENIO Y QUE ACEPTA SUS TÉRMINOS A SABIENDAS Y VOLUNTARIAMENTE, CON PLENO ENTENDIMIENTO DE SUS CONSECUENCIAS.**

SAFELITE FULFILLMENT, INC.

Firma: _[signature]_
Steve Miggo, SVP de Operaciones y Cadena de Suministros

Firma: *Si cobra, deposita o de cualquier manera da curso al Cheque de Finiquito, el Empleado habrá manifestado que aceptó los términos de este Convenio.*

Fecha: 21 de agosto, 2017

-2-

| | | | | | |
|---|---|---|---|---|---|
| CO. FILE | DEPT. | CLOCK | NUMBER | | |
| H9E 184934 | 000216 | 0080039563 | 1 | 001-0001 | |

**Earnings Statement** 

**SafeliteGroup**
SAFELITE FULFILLMENT, INC.
7400 SAFELITE WAY
COLUMBUS, OH 43235

Period Beginning: 08/06/2017
Period Ending: 08/12/2017
Pay Date: 08/22/2017

Taxable Marital Status: Single
Exemptions/Allowances:
  Federal: 0
  CA: 0

Social Security Number: ███

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Settlement | | | 1,500.00 | 1,500.00 |
| **Gross Pay** | | | **$1,500.00** | 1,500.00 |

| Deductions | | | |
|---|---|---|---|
| **Statutory** | | | |
| Federal Income Tax | | -281.99 | 281.99 |
| Social Security Tax | | -93.00 | 93.00 |
| Medicare Tax | | -21.75 | 21.75 |
| CA State Income Tax | | -90.82 | 90.82 |
| CA SUI/SDI Tax | | -13.50 | 13.50 |
| **Net Pay** | | **$998.94** | |
| **Net Check** | | **$998.94** | |

Your federal taxable wages this period are $1,500.00

2000 ADP, LLC

**SafeliteGroup**
SAFELITE FULFILLMENT, INC.
7400 SAFELITE WAY
COLUMBUS, OH 43235

H9E
Payroll check number: 0080039563
Pay date: 08/22/2017

90-477/1222

Pay to the order of: ███

This amount: NINE HUNDRED NINETY EIGHT AND 94/100 DOLLARS        $998.94

Wells Fargo Bank, N.A.
5401 California Ave
Bakersfield, CA 93309

Exhibit 4, Page 13



HOLD AT AN ANGLE TO VIEW
ADP WATERMARKS

THIS SIDE OF DOCUMENT CONTAINS ADP WATERMARKS. HOLD AT AN ANGLE TO VIEW.

V 760632215

Employee's Cashing, Depositing or Otherwise Tendering This Settlement Check Reflects Employee's Acceptance of the Terms of The Settlement Agreement
▼ DO NOT WRITE / SIGN / STAMP/BELOW THIS TYPE ▼

KNOW YOUR ENDORSER - REQUIRE IDENTIFICATION