UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 15-7118-DMG (RAOx)** | Date | November 2, 2017 |
|---|---|---|---|

| Title | *Yadir A. Ontiveros v. Safelite Fulfillment, Inc., et al.* | Page | 1 of 1 |
|---|---|---|---|

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:  IN CHAMBERS - ORDER RE JOINT STATEMENT RE CLASS NOTICE AND CURATIVE NOTICE [101]**

On October 16, 2017, the Court issued an Order that, among other things, required: (1) Defendant Safelite Fulfillment, Inc. to send a curative notice to all employees informing them that the Court had invalidated the releases that Safelite obtained from putative class members, and (2) the parties to meet and confer and submit to the Court a proposed class notice for the six classes that the Court had certified.  [Doc. # 99.]  On October 27, 2017, the parties filed a joint statement that indicated that they have several disagreements regarding the contents of the proposed curative and class notices.  [Doc. # 101.]

The Court has reviewed the parties' joint statement, and **APPROVES** the curative and class notices that are attached to this Order.  Furthermore, the Court **ORDERS** Safelite to send the attached class and curative notices to all current and former employees to whom Safelite sent settlement agreements in this case within **15 days** of the date of this Order.

The Court further **ORDERS** the parties to meet and confer on the logistical matters regarding the class notice, including the selection of the third-party administrator that shall disseminate the class notice, and the extent to which Plaintiff shall be responsible, if at all, for paying the costs of the third-party administration services (subject to Plaintiff's ability to recover such costs in this action as a prevailing party).  The parties shall submit a joint statement concerning that meet-and-confer by no later than **November 12, 2017**.

**IT IS SO ORDERED.**

[TODAY'S DATE]

**VIA U.S. MAIL**
[Name & Address Information]
**IMPORTANT: A FEDERAL JUDGE HAS ORDERED THAT THIS NOTICE BE SENT TO YOU**

Re:     *Yadir A. Ontiveros v. Safelite Fulfillment, Inc.*
        Class and Representative Action Lawsuit
        United States District Court, Central District of California
        Case No. CV 15-07118-DMG (RAOx), assigned to Honorable Dolly M. Gee,
        United States District Judge

Dear [Mr./Ms. INSERT CONTACT]:

A proposed settlement agreement was sent to you in August 2017 by Safelite offering to settle claims asserted in the above-referenced lawsuit. On October 16, 2017, the United States District Court for the Central District of California ruled that the release of claims contained in the settlement agreement is invalid because you were not provided with sufficient information about the pending lawsuit.

If you have not cashed the settlement check that accompanied the settlement agreement, Safelite's offered settlement agreement is revoked. You should destroy and not cash any check in your possession. Even if you have already cashed a settlement check, you have not given up your right to pursue the claims at issue in this case and it will not impact your ability to participate in the above-referenced lawsuit.

Because you are a member of a class certified by the Court, you will receive a separate "Notice of Class Action" from the Court explaining your right to participate in or to opt out of the lawsuit. The Court has certified Plaintiff's class action as to six classes of employees, and you are a member of one or more of those classes. As explained in the Class Notice, the Court has already ruled in Plaintiff's favor as to several of the issues in this class action.

Should you have any questions about this class action lawsuit, or should you wish to review any of the pleadings or other documents in this case (including the Order that invalidated the release of claims in the settlement agreement), you can contact Class Counsel, which is Haines Law Group, APC. The contact information for Haines Law Group, APC, the attorneys representing the classes of Safelite employees, is below:

**HAINES LAW GROUP, APC**
Paul K. Haines, Esq.
Email: phaines@haineslawgroup.com
Tuvia Korobkin, Esq.
Email: tkorobkin@haineslawgroup.com
Sean M. Blakely, Esq.

Email: sblakely@haineslawgroup.com
Fletcher W. Schmidt, Esq.
Email: fschmidt@haineslawgroup.com
2274 East Maple Ave.
El Segundo, California 90245
Tel: (424) 292-2350
Fax: (424) 292-2355

For further information about this class action lawsuit, please carefully review the "Notice of Class Action" that is enclosed with this letter.

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YADIR A. ONTIVEROS, as an individual, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SAFELITE FULFILLMENT, INC., a Delaware Corporation; SAFELITE GROUP, INC., a Delaware Corporation; SAFELITE GLASS CORP., a Delaware Corporation; and DOES 1 through 10,<br><br><br>Defendants. | Case No.: CV 07-118-DMG(RAOx)<br><br>Judge:  Hon. Dolly M. Gee<br><br>**NOTICE OF CLASS ACTION** |

## IMPORTANT NOTIFICATION TO POTENTIAL CLASS MEMBERS. THIS NOTICE INVOLVES YOUR LEGAL RIGHTS.

*A federal court authorized this notice. You are not being sued. This is not an ad. Your legal rights are affected whether you act or not. Because this Notice may affect your rights, please read it carefully.*

**TO THE FOLLOWING SIX CLASSES OF EMPLOYEES:**

- **Class 1a (PPP Incentive Plan Class – Unpaid Rest Periods)**:  All current and former non-exempt employees of Safelite who worked in California as a Technician, and who were paid pursuant to Safelite's PPP Incentive Plan, during the time period September 9, 2011 through April 9, 2017.

Questions? Call [administrator's toll-free number]

1

- **Class 1c (PPP Incentive Plan Class – Wage Statements)**:  All current and former non-exempt employees of Safelite who worked in California as a Technician, and who were paid pursuant to Safelite's PPP Incentive Plan, during the time period September 9, 2014 through April 9, 2017.

- **Class 2a (Wage Statement Class – Meal Period Premium)**:  All current and former non-exempt employees of Safelite who worked in California, and were paid a meal period premium payment, during the time period September 9, 2014 to the present.

- **Class 2b (Wage Statement Class – Installation Bonus)**:  All current and former non-exempt employees of Safelite who worked in California, earned an Installation Bonus and worked overtime hours during the corresponding time period that the Installation Bonus was earned, during the time period September 9, 2014 to the present.

- **Class 3a (Unpaid Overtime Class – Artificial Dilution of Regular Rate)**:  All current and former non-exempt employees of Safelite who worked in California, and who in the same time period: (i) were paid a meal period premium payment as "regular" hours worked; and (ii) earned any form of incentive pay; and (iii) worked overtime hours, during the time period September 9, 2011 to the present (but limited to the time period of June 4, 2013 to the present for those individuals who worked as Technicians or Windshield Repair Specialists).

- **Class 3b (Unpaid Overtime Class – Underpaid Double-time Premium)**:  All current and former non-exempt employees of Safelite who worked in California, and who in the same time period: (i) earned any form of incentive pay; and (ii) worked double-time hours, during the time period September 9, 2011 to the present (but limited to the time period of June 4, 2013 to the present for those individuals who worked as Technicians or Windshield Repair Specialists).

Questions? Call [administrator's toll-free number]

**1.      Why Should I Read this Notice?**

The purpose of this Notice is to inform you of a pending class action lawsuit brought by Yadir Ontiveros against Safelite Fulfillment Inc. ("Safelite"), alleging violations of California's labor laws.  You are receiving this Notice because you have been identified as a member of at least one class certified by the Court.  The Court has ordered that this Notice be sent to you so that you can be fully informed about the lawsuit and your rights and options in connection with it.  Please read carefully, as your rights may be affected by the disposition of the lawsuit.

**2.      What Is The Lawsuit About?**

Plaintiff in this case, Yadir A. Ontiveros, who has worked for Safelite as a Technician, sued Safelite on behalf of himself and all other non-exempt employees who have worked for Safelite in California during the time periods identified above. Ontiveros alleges that Safelite violated California law by failing to separately compensate non-exempt employees who were employed as Technicians for rest periods, while working pursuant to Safelite's "Performance Pay Plan for Technicians" (the "PPP Incentive Plan").  Plaintiff further alleges that Safelite issued non-compliant wage statements and in certain circumstances underpaid overtime and double-time wages to non-exempt employees.

Specifically, Ontiveros contends that Safelite has unlawfully:

(a)      Failed to separately compensate Technicians for rest periods for workweeks that the Technicians were "in the PPP incentive."

(b)      Failed to issue compliant wage statements to Technicians paid on the PPP Incentive Plan, which accurately reflect the number of piece-rate units and applicable piece-rates for each unit produced.

(c)      Reported meal period premium payments to non-exempt employees as regular working hours on wage statements, which resulted in an overstatement of the actual number of hours worked.

Questions? Call [administrator's toll-free number]

3

(d)     For wage statements where Installation Bonuses were paid, failed to identify: (i) the total amount of overtime wages, (ii) applicable overtime rate(s) of pay, (iii) or total hours associated with the payment of Installation Bonuses.

(e)     Paid Labor Code section 226.7 meal period penalties as "regular" hours on wage statement of its non-exempt employees, thereby causing the number of "regular" hours to be overstated in any workweek in which an employee earned a meal period penalty, resulting in a lower regular rate of pay, and in turn, underpayment of overtime wages.

(f)     Calculated the additional double-time wages that are owed when non-exempt employees earned incentive pay by using a 0.5x overtime multiplier, instead of a 1.0x double-time multiplier, resulting in a systematic underpayment of double-time wages.

The Court has already ruled in Plaintiff's favor on a Motion for Partial Summary Judgment as to issues (a), (b), (d)(i), and (d)(ii).  Specifically, on February 7, 2017, the Court ruled: (1) the PPP Incentive Plan does not ensure that an employee will receive minimum wage for each additional hour worked; (2) the PPP Incentive Plan does not ensure that employees will receive overtime pay; (3) the PPP Incentive Plan does not ensure that employees will be separately compensated for rest periods; (4) Plaintiff is entitled to penalties under Cal. Lab. Code § 226(e)(1) for each wage statement issued during the time when he was enrolled in the PPP Incentive Plan that failed to include the required piece rate information; and (5) Plaintiff is entitled to penalties under section 226(e)(1) for each wage statement issued during the time he was enrolled in the installation bonus program that failed to indicate the effect of the bonus program on the regular rate. The Court confirmed the foregoing in a modified Partial Summary Judgment Order issued on October 12, 2017.  Safelite has indicated to the Court its intention to appeal this decision at the earliest opportunity.

As to the remaining issues identified above, the Court has not yet ruled on these issues Safelite denies these claims in their entirety and asserts that it has fully and fairly paid its employees in accordance with California law.

Questions? Call [administrator's toll-free number]

### 3. How Will the Case Be Litigated?

This case may eventually proceed to trial. The trial date is currently set for May 22, 2018 at 8:30 a.m. in Courtroom 8C of the United States District Court for the Central District of California, located at 350 W. First Street, Los Angeles, California 90012. Please note that the trial date may change. Class members who are not called as witnesses are not required to attend the trial.

### 4. Your Right to Participate in the California Class Action

If you take no action by [date 45 days after notice is mailed to last-known address], then you will be included as a class member in this lawsuit.

If you are included as a class member, then you will be legally bound by all of the Orders the Court issues and judgments the Court makes in this class action. Whether favorable or unfavorable you will be bound by any judgment of the Court.

If you do not exclude yourself from the lawsuit – which is called "opting-out" of the Class – as described in Paragraph 5, below, you will be represented by Plaintiff Ontiveros and Class Counsel. Class Counsel for Plaintiff and the Class are Paul K. Haines, Tuvia Korobkin, Fletcher W. Schmidt, and Sean M. Blakely of Haines Law Group, APC, 2274 East Maple Avenue, El Segundo, California 90245; telephone (424) 292-2350; email: phaines@haineslawgroup.com.

### 5. Your Right Not to Participate in the Litigation Against Safelite.

You can choose to exclude yourself ("opt-out") from and not join this lawsuit only by sending the enclosed **Opt-Out Form** clearly stating your intention to opt-out of this lawsuit, postmarked or date-stamped on or before [date 45 days after notice is mailed to last-known address], to CPT Group, Inc. at the following address:

[CPT Group's address to be included]

If you do not timely opt-out of the Class, you will be bound by any future ruling, judgment, award, or settlement entered in this case, whether favorable or

Questions? Call [administrator's toll-free number]

unfavorable.  If you opt-out of this lawsuit, you will not receive any money or benefits from this case whatsoever, but you will be free to take action on your own, or with such private counsel as you may wish to retain.

## 6.     <u>Change of Address</u>

If this Notice was sent to the wrong address, or if your address changes in the future, please send prompt written notification of your correct address to CPT Group, Inc. at the address above in Section 5.

## 7.     <u>Examination of Papers</u>

All of the above descriptions of allegations, Court findings, and other matters in this lawsuit are only summaries and do not fully describe the case.  The pleadings and other papers filed in this action are public records and are available online by going to the following website: http://www.pacer.gov/ and setting up an account to access court records.  In the "Civil" tab, under California-Central, you will be prompted to enter the case number (15-07118).  Alternatively, you can simply contact Class Counsel, Haines Law Group, APC (contact information is in Section 8, below), and any documents that you would like to review can be emailed or mailed to you free of charge.

## 8.     <u>Who Represents the Class?</u>

Plaintiff Yadir Ontiveros has been approved by the Court to act as the Class Representative. The following attorneys have been approved and appointed to act as the Class Counsel:

### HAINES LAW GROUP, APC

| | |
|---|---|
| Paul K. Haines | Tuvia Korobkin |
| phaines@haineslawgroup.com | tkorobkin@haineslawgroup.com |
| Fletcher W. Schmidt | Sean M. Blakely |
| fschmidt@haineslawgroup.com | sblakely@haineslawgroup.com |

Questions? Call [administrator's toll-free number]

| | |
|---|---|
| 2274 East Maple Avenue | Tel:   424-292-2350 |
| El Segundo, California 90245 | Fax:   424-292-2355 |

As a class member, you also have the option to enter an appearance through an attorney of your own choice.  If you have any questions with respect to this action, you may direct such inquiries to Class Counsel.

## 9.      Who Represents Safelite?

The following attorneys represent Defendant Safelite Fulfillment, Inc.:

| | |
|---|---|
| Robert A. Harris | Maria Z. Stearns |
| raharris@vorys.com | mstearns@rutan.com |
| Daniel J. Clark | Kenneth Zielinski |
| djclark@vorys.com | kzielinski@rutan.com |
| Vorys, Sater, Seymour & Pease LLP | Tel:   714-338-1821 |
| 52 E. Gay Street, P.O. Box 1008 | |
| Tel. 614-464-6400 | |

## 10.    Contact With the Court

This Notice and its content have been authorized by the Honorable Dolly M. Gee of the United States District Court for the Central District of California.  This Notice should not be construed as advice from the Court regarding whether to participate or opt-out of the Class.

**PLEASE DO NOT CONTACT THE COURT
REGARDING THIS MATTER.**

Questions? Call [administrator's toll-free number]

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

Case No. 2:15-cv-07118-DMG-RAO

**OUT-OUT FORM**

**ONLY RETURN IF YOU DO NOT WISH TO BE INCLUDED IN THE CLASS.**

**THIS DOCUMENT MUST BE POSTMARKED NO LATER THAN [45 DAYS AFTER
NOTICE IS MAILED TO LAST-KNOWN ADDRESS].**

If you DO NOT want to be included in the Class, you must complete this form and mail it to:

[*CPT Group -- Vendor's address to be included*]

The Court will exclude you from the Class if your request to be excluded is postmarked by
_____.

By my signature below, I confirm that I have received, read, and understood the notice of the
*Ontiveros v. Safelite Fulfillment, Inc*. lawsuit. I have decided to exclude myself from the Class.  I
understand that by doing so, I will not receive any money or benefits from this lawsuit even if
the Plaintiff obtains them as a result of a court ruling or from any settlement (that may or may
not be reached).

I DO NOT want to participate in this class action lawsuit.

_____                    _____
Signature                                         Printed Full Name


_____
Mailing Address


_____
Phone Number


Questions? Call [administrator's toll-free number]

8