**HAINES LAW GROUP, APC**
Paul K. Haines (SBN 248226)
phaines@haineslawgroup.com
Tuvia Korobkin (SBN 268066)
tkorobkin@haineslawgroup.com
Fletcher W. Schmidt (SBN 286462)
fschmidt@haineslawgroup.com
222 N. Sepulveda Blvd., Suite 1550
El Segundo, California 90245
Tel: (424) 292-2350
Fax: (424) 292-2355

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YADIR A. ONTIVEROS and FRANCISCO J. CURIEL as individuals, and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>　vs.<br><br>SAFELITE FULFILLMENT, INC., a Delaware Corporation; SAFELITE GROUP, INC., a Delaware Corporation; SAFELITE GLASS CORP., a Delaware Corporation; and DOES 1 through 10,<br><br>　　　　　　Defendants. | CASE NO. 2:15-cv-07118-DMG-RAO<br><br>**SECOND AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT:**<br><br>**(1) FAILURE TO PAY ALL OVERTIME WAGES (LABOR CODE §§ 204, 510, 558, 1194, AND 1198);**<br><br>**(2) MINIMUM WAGE VIOLATIONS (LABOR CODE §§ 1182.12, 1194, 1194.2, AND 1197);**<br><br>**(3) MEAL PERIOD VIOLATIONS (LABOR CODE §§ 226.7, 512, AND 558);**<br><br>**(4) REST PERIOD VIOLATIONS (LABOR CODE §§ 226.7, 516 AND 558);**<br><br>**(5) WAGE STATEMENT PENALTIES (LABOR CODE § 226 *et seq.*);**<br><br>**(6) UNLAWFUL DEDUCTIONS FROM EARNED WAGES (LABOR CODE § 221);**<br><br>**(7) WAITING TIME PENALTIES (LABOR CODE §§ 201-203);** |

**(8)  UNFAIR COMPETITION (BUS & PROF CODE § 17200 *et seq.*);**

**(9)  CIVIL PENALTIES UNDER THE PRIVATE ATTORNEYS GENERAL ACT (LABOR CODE § 2698 *et seq.*).**

**DEMAND FOR JURY TRIAL UNLIMITED CIVIL CASE**

Plaintiffs Yadir A. Ontiveros and Francisco J. Curiel ("Plaintiffs") on behalf of themselves and all others similarly situated, hereby bring this Second Amended Class and Representative Action Complaint against Defendants Safelite Fulfillment, Inc., Safelite Group, Inc., Safelite Glass Corp., and DOES 1 to 10 (collectively "Defendants"), inclusive, and on information and belief allege as follows:

## JURISDICTION

1.      Plaintiffs, on behalf of themselves and all others similarly situated, hereby bring this class, collective, and representative action for recovery of unpaid wages and penalties under California Business and Professions Code §17200, *et. seq.*, California Labor Code ("Labor Code") §§ 201-203, 204, 218.6, 221, 226 *et seq.*, 510, 512, 516, 558, 1182.12, 1194, 1194.2, 1197, 1198, 2698 *et seq.*, and California Industrial Welfare Commission Wage Order No. 4-2001 ("Wage Order 4"), in addition to seeking declaratory relief and restitution.

2.      This Court had original jurisdiction over Plaintiff's Complaint pursuant to the claims under the Fair Labor Standards Act included therein, because the action asserted rights arising under federal law.  The Court had supplemental jurisdiction over Plaintiff's state law claims because those claims

derived from the same common nucleus of operative facts as Plaintiff's claims arising under federal law.  *See* 28 U.S.C. § 1367(a).  When the FLSA claim was withdrawn, this Court determined that the interests of judicial economy, convenience, fairness, and comity weigh in favor of the Court continuing to exercise supplemental jurisdiction over this matter.  *See* Order Re Defendant's Motion for Summary Judgment [37] and Plaintiff's Motion for Partial Summary Judgment [39] [Doc. # 65], at fn. 1.

## VENUE

3.      Venue is proper under 28 U.S.C. 1391 because Defendants do business within the Central District of California.  Defendants are also subject to the personal jurisdiction of this Court pursuant to 28 U.S.C. 1391(c), because at least some of them operate businesses within the Central District of California.

## PARTIES

4.      Plaintiffs are individuals over the age of eighteen (18).  At all relevant times herein, Plaintiffs were California residents, residing in the county of Los Angeles.  During the four years immediately preceding the filing of the Complaint in this action and within the statute of limitations periods applicable to each claim pled herein, Plaintiffs were employed by Defendants as hourly non-exempt employees.  Plaintiffs were, and are, victims of Defendants' policies and/or practices complained of herein, lost money and/or property, and have been deprived of the rights guaranteed to them by California Labor Code §§ 201-203, 204, 218.6, 221, 226 *et seq.*, 510, 512, 516, 558, 1182.12, 1194, 1194.2, 1197, 1198, 2698 *et seq.*, California Business and Professions Code § 17200 *et seq.* (Unfair Competition), and Wage Order 4, which sets employment standards for installers.

5.      Plaintiffs are informed and believe, and based thereon allege, that during the four years preceding the filing of the Complaint and continuing to the present, Defendants did (and do) business by operating a company that

manufactures, installs and services automotive windshields and glass within the Central District of California and the United States, and therefore, were (and are) doing business in the Central District of California and the State of California.

6.     Defendants bill themselves as "the world's largest family of retail auto glass companies" and offer services including manufacturing vehicle windshields, repairing and replacing all types of vehicle glass, and mobile windshield repair. Defendants employ approximately 6,000 technicians and operate in all 50 states.

7.     Plaintiffs are informed and believe, and based thereon allege, that at all times mentioned herein, Defendants were licensed to do business in California and within the Central District of California, and were the employers of Plaintiffs and the Classes (as defined in Paragraph 19).

8.     Plaintiffs do not know the true names or capacities, whether individual, partner, or corporate, of the Defendants sued herein as DOES 1 to 10, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiffs will seek leave from this Court to amend this Complaint when such true names and capacities are discovered.  Plaintiffs are informed, and believe, and based thereon allege, that each of said fictitious Defendants, whether individual, partners, agents, or corporate, was responsible in some manner for the acts and omissions alleged herein, and proximately caused Plaintiffs and the Classes to be subject to the unlawful employment practices, wrongs, injuries and damages complained of herein.

9.     At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and each of them, were the agents, servants, and employees of each and every one of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned were acting within the course and scope of said agency and employment.  Defendants, and each of them, approved of, condoned,

Second Amended Class and Representative Action Complaint

and/or otherwise ratified each and every one of the acts or omissions complained of herein.

10.    At all times mentioned herein, Defendants, and each of them, were members of and engaged in a joint venture, partnership, and common enterprise, and acting within the course and scope of and in pursuance of said joint venture, partnership, and common enterprise.  Further, Plaintiffs allege that all Defendants were joint employers for all purposes of Plaintiffs and all Class Members.

## GENERAL FACTUAL ALLEGATIONS

11.    Plaintiff Yadir A. Ontiveros ("Plaintiff Ontiveros") was hired by Defendants as a non-exempt employee at Defendants' warehouse in Ontario, California, in approximately August 2009.  Plaintiff Ontiveros worked in that capacity until March, 2013, when he was promoted to Technician Trainee, and later became a Technician in September, 2013, after transferring to Glendora, California.  Plaintiff Francisco J. Curiel ("Plaintiff Curiel") was employed by Defendants as a non-exempt employee in the position of Technician from approximately August 25, 2011 until May 3, 2014.

12.    At all times while employed as Technicians, Plaintiffs have been paid on a piece-rate basis, whereby Plaintiffs are paid a certain rate per installation or repair completed.  Despite the fact that Plaintiffs record their actual hours worked pursuant to company policy, wages earned for these hours worked are treated as an advance against Plaintiffs' piece-rate earnings, as only those piece-rate earnings in excess of the "hourly wages" are paid out as piece-rate earnings. However, Plaintiffs and other Technicians are pressured and encouraged through various productivity rankings to be highly productive, which results from having a high number of installs per day.  As a result, Plaintiffs and Technicians almost never have piece-rate earnings that do not exceed their hourly wages, and their wages are almost always equal to their piece-rate earnings.  Because Defendants' pay system is simply a subterfuge for a piece-rate compensation system, Plaintiffs and other

Technicians are not separately compensated for time spent working on tasks which are not compensated on a piece-rate basis, including, but not limited to, hours spent cleaning and maintaining tools, performing administrative tasks, attending mandatory meetings, or travelling to and from jobsites.  As a result, Plaintiffs were not paid at least the minimum wage for all hours actually worked, and were not credited with all overtime hours actually worked.

13.    Additionally, Defendants maintain a policy of making unlawful deductions from Plaintiffs' earned wages in the event that a customer makes a warranty claim on an item installed by Plaintiffs, despite the fact that Plaintiffs' job duties were already performed, thereby entitling Plaintiffs to those wages.

14.    While working on a piece-rate basis, Plaintiffs worked shifts in excess of 3.5 hours, and was never provided with a paid rest period for every 4 hour period worked, or major fraction thereof, because Defendants' piece-rate compensation plan fails to separately compensate Plaintiffs for required rest periods.  *See Bluford v. Safeway Inc.,* 216 Cal. App. 4th 864 (2013) ("There is no dispute that Safeway's activity-based compensation system did not separately compensate drivers for their rest periods."). As a result, Plaintiffs were not provided with compensated rest periods as required by Wage Order 4, §12(A).

15.    Throughout Plaintiffs' employment with Defendants, Plaintiffs regularly worked shifts in excess of 8 hours per day and/or 40 hours per week.  In addition, Plaintiffs received various forms of non-discretionary incentive pay, such as "Mkt Hrly IC," "PPP Incentive," "Installation IC," and/or other forms of pay which are not excludable under California Law when calculating an employee's regular rate (hereinafter the aforementioned forms of pay are collectively referred to as "Incentive Pay").

16.    However, throughout Plaintiffs' employment, Defendants failed to include the value of Incentive Pay in Plaintiffs' regular rate of pay for purposes of calculating overtime compensation.  Additionally, when Plaintiffs were being paid

on a piece-rate basis, Defendants failed to include the value of piece-rate earnings in Plaintiffs' regular rate of pay for purposes of calculating overtime compensation.  As a result, Plaintiffs were never compensated at one and a half times their regular rate of pay for hours worked in excess of 8 hours per day and/or 40 hours per week, and were therefore deprived of all overtime compensation.

17.     In addition, Defendants fail to maintain lawful meal and rest break policies.  Specifically, Defendants fail to authorize and permit employees (both Warehouse employees and Technicians) to take a duty-free, 10-minute rest period for every "major fraction" of a 4 hour period, and fail to provide employees with a legally compliant meal period when employees work in excess of 5 hours, and/or a second meal period when employees work shifts in excess of 10 hours.  Despite these deficiencies, Defendants fail to pay employees the missed meal and rest period premium wages as required by Labor Code § 226.7 when employees experience meal and rest period violations.

18.     As a result of Defendants' failure to pay all minimum wages, overtime wages, and meal and rest period premium wages, Defendants maintain inaccurate payroll records, issue inaccurate wage statements to Plaintiffs, and failed to pay all wages owed to Plaintiff Curiel upon separation of employment from Defendants. Additionally, Defendants issue facially deficient wage statements that fail to list Plaintiffs' number of piece-rate units and rate per piece on the wage statement, and fail to list Plaintiffs' overtime rate of pay.

## CLASS ACTION ALLEGATIONS

19.     Class Definitions: Plaintiffs bring this action on behalf of themselves and the following Classes pursuant to Rule 23 of the Rules of Federal Procedure:

a.     The California Overtime Class consists of all Defendants' current and former non-exempt employees in California who: (1) received Incentive Pay and worked overtime hours during a corresponding time period; and/or (2) worked overtime hours while performing work that was compensated on a piece-rate basis,

during the four years immediately preceding the filing of the Complaint through the present.

b.      The Minimum Wage Class consists of all of Defendants' current and former non-exempt employees in California who: (1) performed work that was compensated on a piece-rate basis, during the four years immediately preceding the filing of the Complaint through the present.

c.      The Meal Period Class consists of all Defendants' current and former non-exempt employees in California who: (1) worked in excess of 5 hours without punching out for a 30 minute meal period prior to the end of the fifth hour of work; and/or (2) worked in excess of 10 hours without punching out for a second 30 minute meal period prior to the end of the tenth hour of work, during the four years immediately preceding the filing of the Complaint through the present.

d.      The Rest Period Class consists of all Defendants' current and former non-exempt employees in California who: (1) performed work that was compensated on a piece-rate basis; and/or (2) worked at least one shift of 3.5 to 3.99 hours, 6.0 to 7.99 hours, and/or 10.0 to 11.99 hours, during the four years immediately preceding the filing of the Complaint through the present.

e.      The Wage Statement Class consists of all members of the: (1) California Overtime Class; (2) Minimum Wage Class; (3) Meal Period Class; (4) Rest Period Class; and/or (5) received a wage statement that failed to list the overtime rate of pay, number of piece rate units, and/or all applicable piece-rates in effect, who worked for Defendants in California during the one year immediately preceding the filing of the Complaint through the present.

f.      The Wage Deduction Class consists of all current and former non-exempt employees in California who had a deduction taken from their wages as a result of a warranty claim, during the four years immediately preceding the filing of the Complaint through the present.

g.      The Waiting Time Class consists of all former non-exempt employees

8

in California who: (i) performed work that was compensated on the PPP Incentive Plan; (ii) received Incentive Pay, were paid a Labor Code 226.7 meal period penalty and worked overtime hours during a corresponding time period; and/or (iii) received Incentive Pay and worked double-time hours during a corresponding time period, who separated their employment from Defendants between January 23, 2014 and the present.

20.    **Numerosity/Ascertainability:**  The members of the Classes are so numerous that joinder of all members would be unfeasible and not practicable. The membership of the classes and subclasses are unknown to Plaintiffs at this time; however, it is estimated that the Classes number greater than five hundred (500) individuals as to each Class. The identity of such membership is readily ascertainable via inspection of Defendants' employment records.

21.    **Common Questions of Law and Fact Predominate/Well Defined Community of Interest:** There are common questions of law and fact as to Plaintiffs and all other similarly situated employees, which predominate over questions affecting only individual members including, without limitation to:

i.    Whether Defendants violated the applicable Labor Code provisions including, but not limited to §§ 510 and 1194 by requiring overtime work and not paying for said work according to the overtime laws of the State of California;

ii.    Whether Defendants failed to properly include all forms of compensation when computing the respective regular rates for members of the California Overtime Class;

iii.    Whether Defendants' policies and/or practices for determining the regular rate of pay for purposes of overtime compensation to the Overtime Class violated California law;

iv.    Whether the piece-rate policies/procedures utilized by Defendants complied with California law;

v.       Whether Defendants maintained a legally compliant meal period policy during the relevant time period;

vi.      Whether Defendants maintained a legally compliant rest period policy during the relevant time period;

vii.     Whether Defendants furnished legally compliant wage statements to members of the Wage Statement Class pursuant to Labor Code 226;

viii.    Whether Defendants' polices and/or practices for the timing and amount of payment of final wages to members of the Waiting Time Class at the time of their separation of employment were lawful.

22.    **Predominance of Common Questions:**  Common questions of law and fact predominate over questions that affect only individual members of the Classes.  The common questions of law set forth above are numerous and substantial and stem from Defendants' policies and/or practices applicable to each individual class member, such as their uniform method of calculating overtime payments for the members of the California Overtime Class.  As such, these common questions predominate over individual questions concerning each individual class member's showing as to his or her eligibility for recovery or as to the amount of his or her damages.

23.    **Typicality:**  The claims of Plaintiffs are typical of the claims of the Classes because Plaintiffs were employed by Defendants as non-exempt employees in California and the United States during the statutes of limitation applicable to each claim pled in the Complaint in this action.  As alleged herein, Plaintiffs, like the members of the Classes, were deprived of all minimum, overtime and premium wages, were not provided with all legally compliant meal and rest periods, were furnished with inaccurate and incomplete wage statements, and did not receive all final wages owed upon separation of employment with Defendants.

24.    **Adequacy of Representation:**  Plaintiffs are fully prepared to take all necessary steps to represent fairly and adequately the interests of the members of

the Classes.  Moreover, Plaintiffs' attorneys are ready, willing and able to fully and
adequately represent the members of the Classes and Plaintiffs.  Plaintiffs'
attorneys have prosecuted and defended numerous wage-and-hour class actions in
state and federal courts in the past and are committed to vigorously prosecuting
this action on behalf of the members of the classes.

25.    **Superiority:**  The California Labor Code is broadly remedial in
nature and serves an important public interest in establishing minimum working
conditions and standards in California.  These laws and labor standards protect the
average working employee from exploitation by employers who have the
responsibility to follow the laws and who may seek to take advantage of superior
economic and bargaining power in setting onerous terms and conditions of
employment.  The nature of this action and the format of laws available to
Plaintiffs and members of the Classes make the class action format a particularly
efficient and appropriate procedure to redress the violations alleged herein.  If each
employee were required to file an individual lawsuit, Defendants would necessarily
gain an unconscionable advantage since they would be able to exploit and
overwhelm the limited resources of each individual plaintiff with their vastly
superior financial and legal resources.  Moreover, requiring each member of the
Classes to pursue an individual remedy would also discourage the assertion of
lawful claims by employees who would be disinclined to file an action against their
former and/or current employer for real and justifiable fear of retaliation and
permanent damages to their careers at subsequent employment.  Further, the
prosecution of separate actions by the individual Class Members, even if possible,
would create a substantial risk of inconsistent or varying verdicts or adjudications
with respect to the individual Class Members against Defendants herein; and which
would establish potentially incompatible standards of conduct for Defendants;
and/or legal determinations with respect to individual Class Members which
would, as a practical matter, be dispositive of the interest of the other Class

Members not parties to adjudications or which would substantially impair or impede the ability of the Class Members to protect their interests. Further, the claims of the individual members of the Classes are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attending thereto.

26. As such, the Rule 23 Classes identified in Paragraph 19 are maintainable as a Class under Rule 23(b)(1) and/or Rule 23(b)(3).

## FIRST CLAIM

### FAILURE TO PAY OVERTIME WAGES
### (AGAINST ALL DEFENDANTS)

27. Plaintiffs re-allege and incorporate by reference all prior paragraphs as though fully set forth herein.

28. This claim is brought on behalf of the California Overtime Class pursuant to Labor Code §§ 204, 510, 558, 1194, and 1198, which provide that hourly non-exempt employees are entitled to all overtime wages and compensation for hours worked, and provide a private right of action for the failure to pay all overtime compensation for overtime work performed.

29. At all times relevant herein, Defendants were required to properly compensate non-exempt employees, including Plaintiffs and members of the Overtime Class, for all overtime hours worked pursuant to California Labor Code § 1194 and Wage Order 4. Wage Order 4, § 3 requires an employer to pay an employee "one and one-half (1½) times the employee's regular rate of pay" for work in excess of 8 hours per work day and/or in excess of 40 hours of work in the workweek. Wage Order 4, § 3 also requires an employer to pay an employee double the employee's regular rate of pay for work in excess of 12 hours each work day and/or for work in excess of 8 hours on the seventh consecutive day of work in the workweek.

Second Amended Class and Representative Action Complaint

30.     Plaintiffs are informed and believe, and based thereon allege that, Defendants regularly and systematically, as a policy and practice, miscalculated the overtime rate of pay by failing to properly include the various forms of Incentive Pay and/or piece-rate wages paid to Plaintiffs and members of the California Overtime Class, which are not statutory exclusions when calculating an employee's regular rate of pay.  Rather, Plaintiffs and members of the California Overtime Class were only paid one and a half times their base rate, which was not equal to the regular rate, as Defendants failed to include the various forms of Incentive Pay and/or piece-rate wages earned during corresponding periods that were required to be included in the regular rate, but were not.  In addition, Defendants failed to pay for all overtime hours worked as a result of treating overtime wages as an advance against piece-rate earnings for Plaintiffs and members of the California Overtime Class such that these individuals were not paid for all overtime hours worked.  Accordingly, Plaintiffs and members of the California Overtime Class were not compensated at the appropriate rates of overtime pay for all overtime hours worked.

31.     Defendants' policy and practice of requiring overtime work and not paying at the proper overtime rates for said work violates California Labor Code §§ 204, 210, 510, 558, 1194, and 1198, and Wage Order 4.

32.     Plaintiffs are informed and believe and based thereon allege that the job duties and responsibilities of the California Overtime Class are irrelevant because Plaintiffs and all others similarly situated merely allege wrongdoing with Defendants' pay policies and practices as to calculating the applicable overtime rates of pay and amount of overtime worked by members of the California Overtime Class.

33.     The foregoing policies and practices are unlawful and create an entitlement to recovery by Plaintiffs and members of the California Overtime Class in a civil action for the unpaid amount of overtime premiums owing, including

interest thereon, statutory penalties, civil penalties, attorney's fees, and costs of suit according to California Labor Code §§ 204, 210, 510, 558, 1194, 1198, and Code of Civil Procedure § 1021.5.

**SECOND CLAIM**

**MINIMUM WAGE VIOLATIONS**

**(AGAINST ALL DEFENDANTS)**

34.     Plaintiffs re-allege and incorporate by reference all prior paragraphs as though fully set forth herein.

35.     Wage Order 4, § 4 and California Labor Code §§ 1197 and 1182.12 establish the right of employees to be paid minimum wages for all hours worked, in amounts set by state law.  Labor Code §§ 1194(a) and 1194.2(a) provide that an employee who has not been paid the legal minimum wage as required by Labor Code § 1197 may recover the unpaid balance together with attorneys' fees and costs of suit, as well as liquidated damages in an amount equal to the unpaid wages and interest accrued thereon.

36.     At all relevant times herein, Defendants failed to conform their pay practices to the requirements of the law.  This unlawful conduct includes, but is not limited to Defendants' uniform piece-rate compensation structure for members of the Minimum Wage Class, which resulted in these individuals only being paid on Defendants' piece-rate system, as opposed to being paid for all hours actually worked-.  Accordingly, Plaintiffs and members of the Minimum Wage Class were not compensated for all hours worked including, but not limited to, all hours they were subject to the control of Defendants and/or suffered or permitted to work under the California Labor Code and Wage Order 4.

37.     As a direct and proximate result of Defendants' unlawful conduct as alleged herein, Plaintiffs and the Class Members have sustained economic damages, including but not limited to unpaid wages and lost interest, in an amount to be established at trial, and they are entitled to recover economic and statutory

1   damages and penalties and other appropriate relief as a result of Defendants'
2   violations of the California Labor Code and Wage Order 4.

3       38.    Defendants' practice and uniform administration of corporate policy
4   regarding illegal employee compensation is unlawful and creates an entitlement to
5   recovery by Plaintiffs and members of the Minimum Wage Class in a civil action
6   for the unpaid amount of minimum wages, liquidated damages, including interest
7   thereon, statutory penalties, civil penalties, attorney's fees, and costs of suit
8   according to California Labor Code §§ 204, 210, 216, 558, 1194 *et seq.*, 1198, and
9   Code of Civil Procedure § 1021.5.

## THIRD CLAIM
## MEAL PERIOD VIOLATIONS
## (AGAINST ALL DEFENDANTS)

13      39.    Plaintiffs re-allege and incorporate by reference all prior paragraphs
14  as though fully set forth herein.

15      40.    Plaintiffs are informed and believe that Defendants failed in their
16  affirmative obligation to provide all of their hourly non-exempt employees,
17  including Plaintiffs and members of the Meal Period Class, with timely, duty-free,
18  uninterrupted thirty-minute meal periods in accordance with the mandates of the
19  California Labor Code and Wage Order 4.  As such, Defendants are responsible for
20  paying premium compensation for meal period violations pursuant to Labor Code
21  §§ 226.7, 512, and 558, and Wage Order 4.

22      41.    Plaintiffs are informed and believe, and based thereon allege, that
23  Defendants failed to pay Plaintiffs and members of the Meal Period Class the
24  premium pay required in Labor Code § 226.7 and Wage Order 4 when they were
25  not provided with a legally-compliant meal period or meal periods, and in those
26  instances where Defendants did make a purported meal period premium payment
27  (if ever), such meal period premium was not paid at the employees' regular rate of
28  pay due to Defendants' miscalculation of the regular rate.  As a result, Defendants

owe Plaintiffs and members of the Meal Period Class additional compensation
pursuant to Labor Code § 226.7 and Wage Order 4, including interest thereon,
statutory penalties, civil penalties, and costs of suit.

## FOURTH CLAIM

### REST PERIOD VIOLATIONS

### (AGAINST ALL DEFENDANTS)

42.     Plaintiffs re-allege and incorporate by reference all prior paragraphs
as though fully set forth herein.

43.     Wage Order 4, § 12 and California Labor Code §§ 226.7, 516 and 558
establish the right of employees to be provided with a rest period of at least ten
(10) minutes for each four (4) hour period worked, or major fraction thereof.

44.     Defendants failed to authorize and permit all required rest periods due
to their facially unlawful rest period policy.  Additionally, Defendants failed to
separately compensate Plaintiffs and members of the Rest Period Class for each
rest period to which they were entitled while working on a piece-rate compensation
plan.

45.     Plaintiffs are informed and believe, and based thereon allege, that
Defendants failed to pay Plaintiffs and members of the Rest Period Class the
premium pay required in Labor Code § 226.7 and Wage Order 4 when they were
not authorized and permitted to take a required legally-compliant rest period or rest
periods, and in those instances where Defendants did make a purported rest period
premium payment, such rest period premium was not paid at the employees'
regular rate of pay due to Defendants' miscalculation of the regular rate.  As a
result, Defendants owe Plaintiffs and members of the Rest Period Class additional
compensation pursuant to Labor Code § 226.7 and Wage Order 4, including
interest thereon, statutory penalties, civil penalties, reasonable attorney's fees, and
costs of suit.

/ / /

Second Amended Class and Representative Action Complaint

**FIFTH CLAIM**

**WAGE STATEMENT PENALTIES**

**(AGAINST ALL DEFENDANTS)**

46.     Plaintiffs re-allege and incorporate by reference all prior paragraphs as though fully set forth herein.

47.     Plaintiffs are informed and believe, and based thereon allege that, Defendants knowingly and intentionally, as a matter of uniform policy and practice, failed to furnish Plaintiffs and members of the Wage Statement Class with accurate and complete wage statements regarding their total regular hours worked, total overtime hours worked, regular rates of pay, rates of overtime pay, meal and rest period premium wages, all piece-rates and piece-rate units earned, total gross wages earned, and total net wages earned, in violation of Labor Code § 226.

48.     Defendants' failure to furnish Plaintiffs and members of the Wage Statement Class with complete and accurate itemized wage statements resulted in actual injury, as said failures led to, among other things, the non-payment of all their overtime and minimum wages, and meal and rest period premium wages, and deprived them of the information necessary to identify the discrepancies in Defendants' reported data.

49.     Defendants' failures create an entitlement to recovery by Plaintiffs and members of the Wage Statement Class in a civil action for all damages and/or penalties pursuant to Labor Code § 226, including statutory penalties, civil penalties, reasonable attorney's fees, and costs of suit according to California Labor Code §§ 226 and 226.3.

**SIXTH CLAIM**

**UNLAWFUL DEDUCTIONS FROM EARNED WAGES**

**(AGAINST ALL DEFENDANTS)**

50.     Plaintiffs re-allege and incorporate by reference all prior paragraphs as though fully set forth herein.

51.     This Claim is brought pursuant to Labor Code § 221 which makes it unlawful for an employer to make deductions from an employee's earned wages.

52.     Plaintiffs and members of the Wage Deduction Class earned piece-rate wages and/or Incentive Pay for completing installations and/or repairs. Although Plaintiffs and members of the Wage Deduction Class completed their job duties with respect to these installations and/or repairs, and earned the respective piece-rate wages and/or Incentive Pay that was paid to them, Defendants nonetheless deducted these earned wages from future wages in the event that a customer filed a warranty claim with respect to the items installed and/or repaired by Plaintiffs and members of the Wage Deduction Class.

53.     Defendants' policy and/or practice of deducting earned wages from Plaintiffs and members of the Wage Deduction Class is unlawful and creates an entitlement to recovery by Plaintiffs and members of the Wage Deduction Class for unpaid wages, interest, attorneys' fees and costs, in a civil action according to California Labor Code §§ 218.6, 221, and Code of Civil Procedure § 1021.5.

### SEVENTH CLAIM

### WAITING TIME PENALTIES

### (AGAINST ALL DEFENDANTS)

54.     Plaintiffs re-allege and incorporate by reference all previous paragraphs as though fully set forth herein.

55.     This cause of action is brought pursuant to Labor Code §§ 201-203, which require an employer to pay all wages immediately at the time of separation of employment in the event the employer discharges the employee or the employee provides at least 72 hours of notice of their intent to quit. In the event the employee provides less than 72 hours of notice of their intent to quit, said employee's wages become due and payable not later than 72 hours upon said employee's last date of employment.

56.     Plaintiffs are informed and believe, and based thereon allege, that

Defendants failed to timely pay Plaintiff Curiel and members of the Waiting Time Penalty Class all final wages due to them at their separation from employment, including, among other things, all unpaid minimum wages, overtime wages, double-time wages, and rest period premium wages.

57.     Further, Plaintiffs are informed and believe, and based thereon allege, that as a matter of uniform policy and practice, Defendants continue to fail to pay Plaintiff Curiel and members of the Waiting Time Penalty Class all earned wages at the end of employment in a timely manner pursuant to the requirements of Labor Code §§ 201-203.

58.     Defendants' failure to pay all final wages was willful within the meaning of Labor Code § 203. Defendants' willful failure to timely pay Plaintiff Curiel and the members of the Waiting Time Penalty Class their earned wages upon separation from employment results in a continued payment of wages up to thirty days from the time the wages were due.

59.     Therefore, Plaintiff Curiel and members of the Waiting Time Penalty Class are entitled to compensation pursuant to Labor Code § 203, plus reasonable attorneys' fees and costs of suit.

## EIGHTH CLAIM

## UNFAIR COMPETITION

## (AGAINST ALL DEFENDANTS)

60.     Plaintiffs re-allege and incorporate by reference all prior paragraphs as though fully set forth herein.

61.     Defendants have engaged and continue to engage in unfair and/or unlawful business practices in California in violation of California Business and Professions Code § 17200 et seq., by failing to pay Plaintiffs and the Classes all overtime and minimum wages; failing to provide all legally required meal and rest periods or make premium payments in lieu thereof; knowingly failing to furnish and provide accurate and complete wage statements in violation of Labor Code § 226, making unlawful deductions from wages in violation of Labor Code § 221,

and failing to pay all earned wages due upon separation of employment with Defendants in violation of Labor Code §§ 201-203.

62.     Defendants' utilization of these unfair and/or unlawful business practices deprived Plaintiffs and continues to deprive members of the Classes of compensation to which they are legally entitled, constitutes unfair and/or unlawful competition, and provides an unfair advantage over Defendants' competitors who have been and/or are currently employing workers and attempting to do so in honest compliance with applicable wage and hour laws.

63.     Because Plaintiffs are victims of Defendants' unfair and/or unlawful conduct alleged herein, Plaintiffs, for themselves and on behalf of the members of the Classes, seek full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by Defendants pursuant to Business and Professions Code §§ 17203 and 17208.

64.     The acts complained of herein occurred within the last four years immediately preceding the filing of the Complaint in this action.

65.     Plaintiffs were compelled to retain the services of counsel to file this court action to protect their interests and those of the Classes, to obtain restitution, and to enforce important rights affecting the public interest.  Plaintiffs thereby incurred the financial burden of attorneys' fees and costs, which they are entitled to recover under Code of Civil Procedure § 1021.5.

## NINTH CLAIM
## PRIVATE ATTORNEYS GENERAL ACT
## (AGAINST ALL DEFENDANTS)

66.     Plaintiffs re-allege and incorporate by reference all prior paragraphs as though fully set forth herein.

67.     Defendants have committed several Labor Code violations against Plaintiffs, members of the Classes, and other similarly aggrieved employees.

68.     Plaintiffs as "aggrieved employees" within the meaning of Labor

Code § 2698 *et seq.*, acting on behalf of themselves and other similarly aggrieved employees, bring this representative action against Defendants to recover the civil penalties due to Plaintiffs, the members of the Classes, other similarly aggrieved employees, and the State of California according to proof pursuant to Labor Code § 2699 (a) and (f) including, but not limited to $100.00 for each initial violation and $200 for each subsequent violation per employee per pay period for the following Labor Code violations:

(a)     Failing to pay Plaintiffs, the California Overtime Class, and other similarly aggrieved employees all earned overtime compensation in violation of Labor Code §§ 204, 510, 1194, and 1198 *et seq.*;

(b)     Failing to pay at least the minimum wage for all hours actually worked to Plaintiffs, the Minimum Wage Class, and other similarly aggrieved employees in violation of Labor Code §§ 204, 1194 et seq. and 1197;

(c)      Failing to authorize and permit all required rest periods, and failing to separately compensate Plaintiffs, the Rest Period Class, and other similarly aggrieved employees for rest periods, and failure to pay rest period premium payments for rest period violations, in violation of Labor Code §§ 226.7, 516 and 558;

(d)     Failing to provide Plaintiffs, the Meal Period Class, and other similarly aggrieved employees with all required meal periods or pay meal period premium payments, in violation of Labor Code §§ 226.7, 512 and 558;

(e)      Failing to furnish Plaintiffs, the Wage Statement Class, and other similarly aggrieved employees with complete, accurate, itemized wage statements in violation of Labor Code § 226 *et seq.*;

(f)     Failing to pay Plaintiffs and other similarly aggrieved employees all earned wages at least twice during each calendar month in violation of Labor Code § 204;

(g)     Making unlawful deductions from the earned wages of Plaintiffs, the Wage Deduction Class and other similarly aggrieved employees in violation of

Labor Code § 221;

(h)    Failing to pay all earned wages upon separation from employment with Defendants to Plaintiff Curiel, the Waiting Time Penalty Class, and other similarly aggrieved employees; and

(i)    Failing to maintain accurate records on behalf of Plaintiff and similarly aggrieved employees in violation of Labor Code § 1174.

69.    On or about September 10, 2015, Plaintiff Ontiveros notified Defendants and the California Labor and Workforce Development Agency ("LWDA") via certified mail of Defendants' violations of the California Labor Code and Plaintiff's intent to bring a claim for civil penalties under California Labor Code § 2698 et seq. with respect to the violations of the California Labor Code identified in Paragraph 76 (a)-(i).  Now that thirty-three days have passed from Plaintiff Ontiveros notifying Defendants of the aforementioned violations, Plaintiff Ontiveros has exhausted his administrative requirements for bringing a claim under the Private Attorneys General Act.

70.    Plaintiff Ontiveros was compelled to retain the services of counsel to file this court action to protect his interests, that of the members of the classes, and other similarly aggrieved employees, and to assess and collect the civil penalties owed by Defendants.  Plaintiff Ontiveros has thereby incurred attorneys' fees and costs, which he is entitled to recover under California Labor Code § 2699.

## **PRAYER**

WHEREFORE, Plaintiffs pray for judgment for themselves and for all others on whose behalf this suit is brought against Defendants, jointly and severally, as follows:

1.    For an order certifying the proposed Classes;

2.    For an order appointing Plaintiffs as representatives of the Classes;

3.    For an order appointing Counsel for Plaintiffs as Counsel for the Classes;

4.      Upon the First Claim, for compensatory, consequential, general and special damages according to proof pursuant to Labor Code §§ 204, 510, 558, 1194, and 1198;

5.      Upon the Second Claim for payment of minimum wages, liquidated damages, and penalties according to proof pursuant to Labor Code §§ 204, 558, 1194, 1194.2 and 1199;

6.      Upon the Third Claim, for compensatory, consequential, general and special damages according to proof pursuant to Labor Code §§ 226.7, 512, and 558;

7.      Upon the Fourth Claim, for compensatory, consequential, general and special damages according to proof pursuant to Labor Code §§ 226.7, 516 and 558;

8.      Upon the Fifth Claim, for statutory wage statement penalties pursuant to Labor Code § 226;

9.      Upon the Sixth Claim, for compensatory, consequential, general and special damages according to proof pursuant to Labor Code § 221;

10.      Upon the Seventh Claim, for statutory waiting time penalties pursuant to Labor Code § 203;

11.      Upon the Eighth Claim, for restitution to Plaintiffs and members of the Classes of all money and/or property unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be in violation of Business and Professions Code § 17200 *et seq.*;

12.      Upon the Ninth Claim, for civil penalties due to Plaintiffs, other similarly aggrieved employees, and the State of California according to proof pursuant to Labor Code §§ 558 and 2699(a) and (f) including, but not limited to: (1) $50.00 for each initial violation and $100 for each subsequent violation of Labor Code § 558 per employee per pay period plus an amount equal to the unpaid wages and; (2) $100.00 for each initial violation and $200 for each subsequent

Second Amended Class and Representative Action Complaint

violation per employee per pay period for the violations of the Labor Code Sections cited in Labor Code § 2699.5

13.     Prejudgment interest on all due and unpaid wages pursuant to California Labor Code § 218.6 and Civil Code §§ 3287 and 3289;

14.     On all causes of action, for attorneys' fees and costs as provided by Labor Code §§ 218.5, 1194 *et seq.* and Code of Civil Procedure § 1021.5; and

15.     For such other and further relief the Court may deem just and proper.

Respectfully submitted,
Dated:  April 9, 2019                    HAINES LAW GROUP, APC


By:     _/s/Paul K. Haines_____
         Paul K. Haines
         Attorneys for Plaintiffs

### **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demands a jury trial with respect to all issues triable by jury.


Dated:  April 9, 2019                    HAINES LAW GROUP, APC


By:     _/s/Paul K. Haines_____
         Paul K. Haines
         Attorneys for Plaintiffs