JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YADIR ONTIVEROS, et al., as an individual, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SAFELITE FULFILLMENT, INC., a Delaware corporation; SAFELITE GROUP, INC., a Delaware corporation; SAFELITE GLASS CORP., a Delaware corporation; and DOES 1 through 10,<br><br>Defendants. | Case No.: CV 15-7118-DMG (RAOx)<br><br>**FINAL JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT [142]** |

This matter came on for hearing on September 20, 2019, at 10:00 a.m., in the United States District Court for the Central District of California before the undersigned. Due and adequate notice having been given to the Settlement Classes (defined below), and the Court having considered all papers filed and proceedings held herein, and having reviewed the record in the above captioned matter, and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The Court has jurisdiction over the subject matter of the above-captioned action (the "Action"), the Class Representatives Yadir Ontiveros and Francisco Curiel ("Plaintiffs" or "Class Representatives"), Defendant Safelite Fulfillment, Inc. ("Safelite"), and all members of the following Settlement Classes:

**Class 1a (PPP Incentive Plan Class – Unpaid Rest Periods):** All current and former non-exempt employees of Safelite who worked in California as a Technician, and who were paid pursuant to Safelite's PPP Incentive Plan, during the time period September 9, 2011 through April 9, 2017.

**Class 1b (PPP Incentive Plan Class – Unpaid Non-Productive Time):** All current and former non-exempt employees of Safelite who worked in California as a Technician, and who were paid pursuant to Safelite's PPP Incentive Plan, during the time period June 4, 2013 through April 9, 2017.

**Class 1c (PPP Incentive Plan Class – Wage Statements):** All current and former non-exempt employees of Safelite who worked in California as a Technician, and who were paid pursuant to Safelite's PPP Incentive Plan, during the time period September 9, 2014 through April 9, 2017.

**Class 2a (Wage Statement Class – Meal Period Premium):** All current and former non-exempt employees of Safelite who worked in California, and were paid a meal period premium payment, during the time period September 9, 2014 through October 16, 2017.

**Class 2b (Wage Statement Class – Installation Bonus):** All current and former non-exempt employees of Safelite who worked in California, earned an Installation

Bonus and worked overtime hours during the corresponding time period that the Installation Bonus was earned, during the time period September 9, 2014 through October 16, 2017.

**Class 3a (Unpaid Overtime Class – Artificial Dilution of Regular Rate):** All current and former non-exempt employees of Safelite who worked in California, and who in the same time period: (i) were paid a meal period premium payment as "regular" hours worked; and (ii) earned any form of incentive pay; and (iii) worked overtime hours, during the time period September 9, 2011 to October 16, 2017 (but limited to the time period of June 4, 2013 through October 16, 2017 for those individuals who worked as Technicians or Windshield Repair Specialists).

**Class 3b (Unpaid Overtime Class – Underpaid Double-time Premium):** All current and former non-exempt employees of Safelite who worked in California, and who, in the same time period: (i) earned any form of incentive pay; and (ii) worked double-time hours, during the time period September 9, 2011 to October 16, 2017 (but limited to the time period of June 4, 2013 through October 16, 2017 for those individuals who worked as Technicians or Windshield Repair Specialists).

**Class 4 (Waiting Time Penalty Class):** All members of Classes 1a, 1b, 2a, 2b, 3a, and 3b who separated their employment from Safelite at any point in time between March 2, 2014 through January 18, 2019.

**Class 5 (PAGA Settlement Class):** All members of Classes 1a, 1b, 1c, 2a, 2b, 3a, and 3b who worked for Safelite during the time period September 10, 2014 through January 18, 2019.

2. The terms "Settlement" or "Settlement Agreement" shall refer to the Stipulation of Settlement and Release filed by Plaintiffs as Exhibit 1 to the Declaration of Paul K. Haines in Support of Preliminary Approval of Class Action Settlement, on March 8, 2019 [Doc. # 130-1], and all terms herein shall have the same meaning as the terms defined in the Settlement Agreement, unless specifically provided otherwise herein.

3. The Court grants final approval of the Settlement Agreement because it meets the criteria for final settlement approval. The Settlement falls within the range of possible approval as fair, adequate, and reasonable, appears to be the product of arm's-length and informed negotiations, and treats all members of the Settlement Classes fairly.

4. The Court finds that the distribution by U.S. first-class mail of the Rule 23 Class Notice constituted the best notice practicable under the circumstances to all persons within the definition of the Settlement Classes and fully met the requirements of due process under the United States Constitution and applicable state law. Based on evidence and other material submitted in conjunction with the Final Approval Hearing, the notice to the Settlement Classes was adequate. The notice informed members of the Settlement Classes of the terms of the Settlement, their right to participate in the Settlement and how to do so, their right to object to the Settlement, their right to appear at the Final Approval Hearing and be heard regarding approval of the Settlement, and their right to exclude themselves from the Settlement and pursue their own remedies. Adequate periods of time were provided by each of these procedures. No members of the Classes objected to the Settlement or Class Counsel's Motion for Attorneys' Fees, Costs, and Class Representative Incentive Payments, and no Settlement Class Members opted out of the Settlement.

5. The Court finds, for purposes of settlement only, that the Settlement Classes satisfy the applicable standards for certification under Federal Rules of Civil Procedure 23(a) and 23(b)(3). Accordingly, solely for purposes of effectuating the Settlement, this Court has certified the Settlement Classes, as defined above. Because the Settlement Classes are being certified here for settlement purposes only, the Court need not (and does not) address the manageability requirement of Rule 23(b)(3). *See Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997).

6. The Court approves the Settlement, and each of the releases and other terms set forth in the Settlement Agreement, as fair, just, reasonable, and adequate as to the Settlement Classes, the Class Representatives, and Safelite (collectively the "Settling

Parties"). The Settling Parties and the Settlement Administrator are directed to perform in accordance with the terms set forth in the Settlement Agreement.

7. Pursuant to the Settlement Agreement, and after the fulfillment of Safelite's obligations under the Settlement Agreement, all of the Released Claims are dismissed with prejudice against the Released Parties as to the Class Representatives and the members of the Settlement Classes, for the duration of the Class Period. The Settling Parties are to bear their own attorneys' fees and costs, except as otherwise provided in the Settlement Agreement and in this Judgment and Order.

8. By this Judgment, and after the fulfillment of Safelite's obligations under the Settlement Agreement, the Class Representatives and all Settlement Class Members shall release the Released Parties (as defined in the Settlement Agreement) from all Released Claims, pursuant to the terms of the Settlement Agreement, for the duration of the Class Period.

9. The Court finds that the plan of allocation of the Net Settlement Amount as set forth in the Settlement Agreement is fair and reasonable, and that distribution of Individual Settlement Payments to members of the Settlement Classes shall be effected in accordance with the terms outlined in the Settlement.

10. The Court hereby confirms the appointment of Yadir Ontiveros and Francisco Curiel as Class Representatives for Settlement Classes 1a, 1b, 1c, 2a, 2b, 3a, 3b, and 5, and confirms the appointment of Francisco Curiel as the Class Representative of Settlement Class 4, for purposes of the Settlement.

11. The Court hereby confirms the appointment of Paul K. Haines, Fletcher W. Schmidt, Tuvia Korobkin, Sean M. Blakely, Andrew J. Rowbotham, and Matthew K. Moen of Haines Law Group, APC as Class Counsel for purposes of the Settlement.

12. The Court hereby approves the payment from the Settlement Amount of settlement administration costs in the amount of $22,000.00 to CPT Group, Inc., the Settlement Administrator, for services rendered in this matter. The Court also approves payment from the Settlement Amount of Class Representative Enhancement Payments to

the Class Representatives in the amount of $10,000.00 to Yadir Ontiveros and $5,000.00 to Francisco Curiel, to compensate the Class Representatives for their valuable services in initiating and maintaining this litigation (as well as the companion Curiel action in California Superior Court) and the benefits conferred onto the Settlement Classes as a result of the litigation. The Court finds that these payments are fair and reasonable. The Settlement Administrator is directed to make the foregoing payments in accordance with the terms of the Settlement Agreement.

13. The Court hereby approves a payment from the Settlement Amount of $150,000.00 to the California Labor & Workforce Development Agency for its share of penalties under the Labor Code Private Attorneys General Act, pursuant to Cal. Lab. Code § 2699(i), in accordance with the terms of the Settlement Agreement.

14. The Court hereby awards to Class Counsel the amount of $2,733,833.33 for attorney's fees, and the amount of $109,456.98 for costs. Based on Plaintiffs' Motion for Attorneys' Fees, Costs, and Class Representative Incentive Payments [Doc. # 139], the Court finds that Class Counsel advanced legal theories on a contingent-fee basis; Class Counsel are experienced in the types of claims litigated in the Action; Class Counsel diligently advocated for the Settlement Classes; and Class Counsel's efforts resulted in substantial monetary recovery for the Settlement Classes. The Court therefore finds this payment of attorneys' fees and costs to be fair and reasonable. The Settlement Administrator is ordered to make these payments to Class Counsel in accordance with the terms of the Settlement Agreement.

15. Final judgment is hereby entered pursuant to Rule 23(c)(3) of the Federal Rules of Civil Procedure and in conformity with the Settlement Agreement. The Court reserves and retains exclusive and continuing jurisdiction over the Action, the Class Representatives, the Settlement Classes, and Safelite for the purposes of supervising the implementation, effectuation, enforcement, construction, administration, and interpretation of the Settlement Agreement and this Judgment. This document shall

constitute a final judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

DATED:  September 20, 2019

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE